The People of the State of New York ex rel. James C. Hope, Respondent, *v.* William G. Masterman, as County Treasurer of Steuben County, Appellant.

Excise — liquor tax certificate — county treasurer must issue such a certificate when papers of applicant are regular and sufficient — effect of issue of certificate to one who is not owner or lessee of licensed premises.

1. When papers on application for a liquor tax certificate are regular and sufficient on their face the county treasurer is required to issue a certificate to the applicant, since his duties are only ministerial.

2. Although a liquor tax certificate has been granted to one not having any lease or interest in the premises, the owner or tenant in possession is entitled upon application to a new certificate. He cannot be deprived of his right thereto by the unauthorized application of a stranger. (Liquor Tax Law, § 26; L. 1910, ch. 494.) *People ex rel. Hope* v. *Masterman,* 156 App. Div. 450, affirmed.

(Argued June 6, 1913; decided June 20, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 10, 1913, which affirmed an order of Special Term directing the defendant to issue a liquor tax certificate to the relator.

The facts, as far as material, are stated in the opinion.

*Louis M. King* and *A. M. Sperry* for appellant. The issuance of the certificate to the relator, upon the order of Mr. Justice CLARK, was in violation of the provisions of the Liquor Tax Law (L. 1910, ch. 494, § 8, subd. 9). The county treasurer in the performance of his duty as a certificate issuing officer, was compelled to refuse to issue the certificate to the relator herein. (*People ex rel. Belden Club* v. *Hilliard,* 28 App. Div. 140; *People ex rel. Leonard* v. *Hamilton,* 27 Misc. Rep. 310; *Matter of Bridge,* 25 Misc. Rep. 213; 36 App. Div. 533; *People ex rel. Apfel* v. *Casey,* 66 App. Div. 211; *People ex rel. Van Deusen* v. *McKee,* 69 Misc. Rep. 35; *Matter of Tonatio* v. *Deperino,* 49 App. Div. 84; *People ex rel. David Stevenson Brew. Co.* v. *Lyman,* 67 App. Div. 446; *Burn* v. *Hopper,* 48 Misc. Rep. 180; *People ex rel. Higgins* v. *Hegeman,* 75 Misc. Rep. 163; *People ex rel. Hickok* v. *Conley,* 2 L. T. R. 607; *People ex rel. Lawton* v. *Lyman,* 33 Misc. Rep. 243.)

*Frank J. Saxton* for respondent. The privilege and right annexed by statute to certain premises which were used for traffic in liquors on the 23d day of March, 1896, continues until the owner forfeits the right to engage in

such traffic. It inures to the benefit of the owner and cannot be divested by the secret act of a tenant. (*Matter of Loper*, 53 App. Div. 576.) The county treasurer can still issue two or more certificates for the same premises. (*People ex rel. Fiore* v. *Clement*, 128 N. Y. Supp. 573.)

CULLEN, Ch. J. In this case the county treasurer issued a liquor tax certificate to one Force to carry on the liquor business on certain premises in the town of Corning. Before the issue of the certificate the owners of the premises notified the county treasurer that Force had no lease of or interest in the premises, which was the fact, although Force had been negotiating for a lease, which negotiation fell through. Afterward one Hope obtained a lease of the premises and applied for a liquor tax certificate, which was refused because there was a previous one outstanding. On certiorari an order was made at Special Term and affirmed by the Appellate Division, directing the county treasurer to issue the certificate. The county treasurer contends that Force's papers, being regular and sufficient on their face, he was required to issue a certificate, despite the notice from the owners, because his duty was merely ministerial. This seems to be the law. (*People ex rel. Belden Club* v. *Hilliard*, 28 App. Div. 140.) No harm could, however, come from issuing the new certificate except for an amendment to the Liquor Tax Law (Laws of 1910, ch. 94) which restricts the issuance of liquor tax certificates in excess of a certain proportion of the population, but exempts from that provision places in which the liquor business has been carried on for one year immediately preceding the act, which was the case of the premises for which this license was issued. We agree with the opinion of the Appellate Division that the object of this amendment, though in terms forbidding the issuing of the certificate, was to restrict the number of places in which liquor could be sold, and it would be of no consequence whether there were one or

more certificates outstanding for the same place, except for the provision as to transfers of certificates. By section 26 it is provided that the holder of a liquor tax certificate may obtain permission to carry on business under his certificate at a place other than that for which it was originally issued. If there were several certificates outstanding for the same place, counsel for the appellant contends that the effect of such transfers might be to permit of more places for the sale of liquor than the population of the town warranted under the limitation prescribed by the statute. This presents the only embarrassing feature in the case, for we appreciate that the county treasurer is not empowered to determine the question as to who is in possession of the premises. Nevertheless, we think the danger from the transfer of certificates should not be permitted to deprive the owner or tenant in possession of the premises of his right to a certificate by reason of the unauthorized application of a stranger. Therefore, we concur with the court below in holding that the county treasurer was obliged to issue the certificate. Nor will there be the evil which the appellant fears will result from such ruling. If there are several certificates outstanding for the same premises, the county treasurer should not permit a transfer authorizing the sale of liquor at any other place unless all the certificates outstanding for that place are surrendered and the sale of liquor abandoned. The result of this ruling may embarrass the proper holder of a liquor tax certificate, but the embarrassment will be much less than if we were to hold that he could not get the certificate at all.

The difficulty in this case should be remedied by legislation. A provision in the statute requiring the applicant for a liquor tax certificate to make affidavit that he is rightfully in possession of the premises, as owner or tenant, would go far toward removing it. If a false statement should be made in that respect it would be ground

for canceling the certificate. It is not now required in the case of a place where liquor has been sold prior to the amendment of 1910. Even under the present law if the owner wishes to transfer the business to another place he can maintain an action in equity to cancel the other certificate, a proceeding which will afford him relief though with some trouble. The legislation suggested would make the remedy easy.

The order appealed from should be affirmed, with costs.

GRAY, WILLARD BARTLETT, HISCOCK, CHASE, HOGAN and MILLER, JJ., concur.

Order affirmed.