PEOPLE ex rel. YOUNG v. SHULTS, County Treasurer, et al.   (No. 60/161.)

(Supreme Court, Appellate Division, Fourth Department.   March 3, 1915.)

1. INTOXICATING LIQUORS ☜46½—LIQUOR TAX CERTIFICATE—DUTY TO ISSUE.

   Under the express provisions of Liquor Tax Law (Consol. Laws, c. 34) § 17, where an application in due form is presented and the required liquor tax is paid, the county treasurer must issue the certificate, though there is an outstanding, unrevoked, and untransferred certificate authorizing traffic in liquors at the same place.

   [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. ☜46½.]

2. INTOXICATING LIQUORS ☜46½—LIQUOR TAX CERTIFICATE—RIGHT TO ISSUE.

   Under Liquor Tax Law, § 8, subd. 9, as amended in 1911 (Laws 1911, c. 298), giving the holder of a liquor tax certificate, after filing notice of abandonment, time within which to apply for a transfer of the certificate, the issuance within 60 days of a certificate to another to the place abandoned was unauthorized, where the county treasurer prohibited the issuing of any certificate which would increase the number of liquor places.

   [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. ☜46½.]

3. INTOXICATING LIQUORS ☜104—LIQUOR TAX CERTIFICATE—PERMISSION TO TRANSFER—CONDITIONS PRECEDENT—REVOCATION OF ILLEGAL CERTIFICATE.

   The unwarranted issuance of a liquor tax certificate to a place, prior to expiration of 60 days from the filing of notice of abandonment of the place by the holder of a certificate, did not require that such holder institute proceedings to revoke the invalid certificate, as a condition precedent to his right to require that the county treasurer permit a transfer of his certificate to another place; an adequate remedy as against the invalid certificate being afforded the county treasurer under Liquor Tax Law, § 27, subd. 2, authorizing the cancellation of a liquor tax certificate if the holder was not entitled to receive same.

   [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. ☜104.]

4. INTOXICATING LIQUORS ☜104—LIQUOR TAX CERTIFICATE—PERMISSION TO TRANSFER.

   Where there are several valid outstanding liquor tax certificates for the same premises, the county treasurer should not permit a transfer authorizing the sale of liquor at any other place, unless all the certificates outstanding for that place are surrendered and the sale of liquor abandoned.

   [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. ☜104.]

Appeal from Special Term, Steuben County.

Certiorari by the People, on the relation of Ben Young, Jr., against Daniel W. Shults, as County Treasurer of Steuben County, and another.   From an order dismissing writ of certiorari, and sustaining action of the County Treasurer in refusing to transfer a liquor tax certificate, relator appeals.   Reversed, and writ sustained.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Eugene J. Dwyer, of Rochester (Frank J. Saxton, of Corning, of counsel), for appellant.

Louis M. King, of Albany (A. M. Sperry, of Albany, of counsel), for respondents.

MERRELL, J. On the 29th day of September, 1913, the county treasurer of Steuben county issued to one John J. Ryszkowski a liquor tax certificate under subdivision 1 of section 8 of the Liquor Tax Law. Said certificate, being No. 20,630, authorized said Ryszkowski to traffic in liquor for the excise year commencing October 1, 1913, and ending September 30, 1914, at the premises known as No. 287 East Market street, in the city of Corning, in said county. Two days later, and on October 1, 1913, this certificate was assigned by said Ryszkowski to the Monroe Brewing Company. The assignment bears date and appears to have been executed on September 22, 1913, but was not filed with the county treasurer until said 1st day of October, 1913. The assignment was in the form usually adopted by brewing companies in such cases, and contained the usual power of attorney to sell and transfer said certificate and otherwise act for the said assignor in relation thereto.

[1] The premises at No. 287 East Market street were owned by one Margaret Webb, and appear to have been occupied for trafficking in liquors since on or about March 23, 1896. The Monroe Brewing Company appears to have held as assignee, under similar assignments to that of Ryszkowski, liquor tax certificates for said East Market street premises since 1909. Four days after the Ryszkowski certificate became effective, the owner of the premises, Margaret Webb, refused to lease the same to the holder of the certificate, and the latter was compelled on December 2d following to vacate the premises. On October 4, 1913, the owner of the premises executed a lease of said premises to T. Briggs & Co., a brewing concern of Elmira, N. Y., through Edwin H. Force, an agent of said company. On December 11, 1913, a check was received from T. Briggs & Co. at the said county treasurer's office for $437.50. This check was unaccompanied by any instructions in respect to the use to be made thereof, or for what purpose it was given, and the same was held by the county treasurer, apparently awaiting instructions as to its use. A few days later, and on December 15, 1913, one Anthony Comosh filed an application for a liquor tax certificate for said East Market street premises. Apparently said application was in proper form, and only lacked payment of the liquor tax imposed by law to entitle the applicant to his certificate. Presumably the certificate was withheld only because of such failure to pay the required tax, as under the provisions of section 17 of the Liquor Tax Law, and under the decisions, the county treasurer had no alternative but to issue the certificate if properly applied for and the tax being paid, notwithstanding the certificate to Ryszkowski was outstanding, unrevoked, and untransferred, authorizing traffic in liquors at the same premises. People ex rel. Fiore v. Clement, 70 Misc. Rep. 587, 128 N. Y. Supp. 573; People ex rel. Hope v. Masterman, 209 N. Y. 182, 102 N. E. 553; but the liquor tax was not paid, and the Comosh certificate was withheld.

[2] On December 19, 1913, there was filed with the county treasurer of Steuben county a notice of abandonment of traffic in liquors at No. 287 East Market street under said certificate No. 20,631, executed by said Ryszkowski, by the Monroe Brewing Company, his duly authorized attorney, and designating premises at the corner of Cohocton and Beach streets, in said city of Corning, as the place where liquor traffic would thereafter be carried on under said certificate. Prior to the filing of such notice of abandonment the county treasurer had received no instructions in regard to the use of the check sent by T. Briggs & Co., nor any intimation that the same was intended to pay the liquor tax on the certificate for which Anthony Comosh had applied, and no certificate had been issued on such application. Matters remained in statu quo until December 31, 1913, when for the first time the county treasurer received from T. Briggs & Co. instructions to use the check which they had forwarded on December 11th to pay the liquor tax on the certificate applied for by Comosh on December 15th. Thereupon, on said 31st day of December, 1913, the said county treasurer issued to said Comosh a new certificate, No. 21,006, permitting him to traffic in liquors at said premises No. 287 East Market street for the excise year then current, and at the same time returned to the attorney for the relator the notice of abandonment filed with said treasurer on December 19, 1913.

On or about January 13, 1914, liquor tax certificate No. 20,631, upon consent of the Monroe Brewing Company, was assigned to Ben Young, Jr., the relator herein, who on said last-mentioned date, and within the 60 days after the said notice of abandonment was filed, allowed therefor by statute, made an application for the transfer of said certificate No. 21,631 from said John J. Ryszkowski to himself, and from the old premises at No. 287 East Market street to the new ones at the corner of Cohocton and Beach streets, designated in the notice of abandonment. The county treasurer refused to permit such transfer upon the ground that, he having issued the certificate to Comosh, there were then two certificates outstanding permitting the traffic in liquors at the East Market street premises, and under the authority of People ex rel. Hope v. Masterman, supra, no transfer could be permitted until notices of abandonment of traffic in liquors were filed by all the certificate holders for said premises where traffic was sought to be abandoned. The number of premises where liquor traffic was at the time being carried on in the city of Corning exceeded the ratio of one such place for each 750 inhabitants of said city, and the county treasurer was by statute prohibited from issuing any certificate that would increase the number of liquor places in said city beyond said ratio. The relator has taken this proceeding through a writ of certiorari, as permitted by section 27 of the Liquor Tax Law, to review the action of said county treasurer in refusing to transfer such certificate.

The relator contends that the county treasurer had no right to issue the second liquor tax certificate for the premises in question to Comosh, owing to the fact that a notice of abandonment had theretofore been filed with him by the holder of the original certificate issued to

Ryszkowski. His contention is based upon subdivision 9 of section 8 of the Liquor Tax Law. Said subdivision, as finally amended by Laws 1911, c. 298, provides for the issuance of liquor tax certificates and the abandonment of traffic of liquors at the premises named therein. Among other provisions said subdivision 9 contains the following:

"Provided, however, that at any time during the unexpired term of any liquor tax certificate issued for traffic in liquors under the provisions of subdivision one of this section in any premises in which such traffic may lawfully be carried on, a notice stating that such traffic in liquors is abandoned at the premises named in such certificate may be filed with the county treasurer or special deputy commissioner of excise of the county or borough in which the certificated premises are located, which notice shall also particularly describe some other premises in which it is intended to carry on such traffic, which premises shall be situated in the same city, borough, village or town as that in which the abandoned premises are located. * * * But in any case such notice shall be null and void unless within sixty days from the filing thereof such traffic in liquors shall be lawfully carried on at the premises described in such notice as the premises in which it is intended to carry on such traffic, and continued thereat for a period of not less than sixty days, and the filing of a notice that becomes null and void shall not be deemed an abandonment of the traffic at the premises described in such liquor tax certificate. After the filing of such notice as aforesaid, the prohibition herein contained shall not apply to the premises described in such notice as the premises in which it is intended to carry on such traffic, provided that an application for a certificate to carry on such traffic in liquors thereat shall be made in due form to the proper officer, within sixty days from the filing of such notice, and provided further that such traffic is continuously thereafter carried on at said premises for a period of not less than sixty days. Except in a case where such notice becomes null and void as aforesaid, no liquor tax certificate for traffic in liquors under the provisions of subdivision one of this section shall thereafter be issued for, and it shall be unlawful to so traffic in liquors in the premises described in such notice as the premises in which the traffic in liquors has been abandoned, unless there shall subsequently be filed another notice of abandonment, in the manner herein provided, which notice shall describe such first abandoned premises as the premises in which it is intended to again carry on such traffic in liquors."

It will be observed that the effect of the portions of subdivision 9 of section 8 of the Liquor Tax Law above quoted is, first, to permit the holder of a liquor tax certificate at any time during the unexpired term of such certificate to file with the county treasurer a notice of abandonment of traffic at the premises described in the certificate, and describing some other premises in the same borough, village or town in which it is intended to carry on such traffic; second, granting unto the holder of the certificate who has filed such notice of abandonment the right at any time *within sixty days* to apply under the statute for a transfer of such certificate or right to traffic to the premises described in such notice as those at which traffic is thereafter intended to be carried on; and, third, absolutely prohibiting during the period of 60 days from the filing of such notice of abandonment, allowed the holder to obtain his transfer and right to traffic at the new location designated in the notice of abandonment, the issuance of any liquor tax certificate under the provisions of subdivision 1 of section 8 of the Liquor Tax Law for trafficking in liquors in the premises described in such notice as those in which such traffic has been abandoned. In other words, under the statute the holder of a certificate who has filed a notice of

abandonment is given 60 days' time in which to apply for a transfer and during which period no further certificate can be issued to the abandoned premises. The statute also makes it unlawful to traffic in liquors at the abandoned premises during said period of 60 days.

On December 19, 1913, the Ryszkowski certificate was unexpired and in full force and effect. No other certificate had at that time been issued to traffic in liquors at said East Market street premises. The holder of said certificate then had a clear and unquestioned right to abandon traffic at said premises and that day filed with the county treasurer a notice in due form declaring traffic at said premises abandoned and designating other premises in the same city as the place where it was intended thereafter that such traffic be carried on. This notice was in due form and was executed in conformity with the statute, and it seems to me fixed the rights of the parties. Upon the filing of such notice for the period of 60 days no other certificate could be issued permitting traffic in liquors upon the abandoned premises, and such traffic thereat was during said period unlawful; it being the certificate holder's period of grace in which he might apply for his transfer. Had the liquor tax for the Comosh certificate been paid when he made his application on December 15, 1913, and *had a certificate been actually issued to him* prior to the service of notice of abandonment under the Ryszkowski certificate, a different case would be presented, and the county treasurer would have been justified in refusing a transfer, except upon filing of notices of abandonment by all holders of certificates for the premises sought to be abandoned. But such was not the case, and no attempt was made to issue the Comosh certificate until December 31st, 12 days after notice of abandonment had been regularly filed by the holder of the Ryszkowski certificate. The issuance therefore of the Comosh certificate was unauthorized and contrary to the express prohibition of the statute, and any traffic that may have been carried on thereunder was clearly unlawful.

[3] The county treasurer, in refusing relator permission to transfer treats the Comosh certificate as valid and a bar to granting such permission; whereas, in fact, said Comosh certificate never had the slightest validity, having been issued contrary to the plain inhibition of the statute. Nor should the unwarranted issuance of the Comosh certificate stand in the way of a transfer to which the relator was clearly entitled by law. The relator had a clear right to pursue the course laid down by the statute to effect a transfer of traffic and in no particular has he deviated from the path which the statute provides. Shall an inadvertence or failure of a public official to understand and observe plain provisions of a statute destroy the relator's vested rights? I think not.

Nor do I think that the relator, who has at all times acted well within his legal rights, should be called upon to take proceedings to revoke a certificate improperly issued, and which is without validity so far as affecting his legal rights. If the irregular Comosh certificate proved embarrassing to the county treasurer when called upon to authorize the transfer of relator's certificate, subdivision 2 of section 27 of the Liquor Tax Law offers a remedy. It is therein provided that:

"At any time after a liquor tax certificate has been issued to any person * * * said liquor tax certificate may be revoked and canceled, * * * *if the holder of said certificate was not for any reason entitled to receive or hold the same, or to traffic in liquors. * * * *"*

The section further prescribes the procedure to effect such revocation and cancellation. Thus any possible embarassment resulting from the unauthorized act of the county treasurer might easily be removed, and the objection urged against authorizing the transfer applied for readily overcome.

[4] The respondents rely upon the case of People ex rel. Hope v. Masterman, 209 N. Y. 182, 102 N. E. 553, as decisive of this case, and as sustaining the attitude of the county treasurer in refusing transfer. I do not think said decision applicable to the facts of the case at bar. It is true that case holds that a county treasurer has no right to authorize the transfer of a liquor tax certificate from one place to another until all of the outstanding certificates have been surrendered and an actual abandonment of the original premises secured by all parties holding certificates filing notice of abandonment, otherwise the transfer would work a violation of the ratio provision of the statute. Unquestionably such was the legislative intent. But in People ex rel. Hope v. Masterman Case two valid certificates were permitted to be issued. First, a certificate was duly issued to one Force to traffic in liquors on certain premises in the town of Corning. Before issuance thereof the owners of the premises notified the county treasurer that Force had no lease or interest in the premises, which was true, although he had made an unsuccessful effort to negotiate a lease. Afterward one Hope secured a lease of the premises and applied for a liquor tax certificate, which was refused because there had already been one issued to Force. Thereupon Hope instituted certiorari proceedings to review the county treasurer's action in refusing him a certificate. On said proceedings an order was made at Special Term, and affirmed in this court, directing the county treasurer to issue the certificate to Hope. The Court of Appeals affirmed the lower courts. In the opinion delivered by Cullen, C. J., after discussing the real question involved, viz., the right of Hope to receive the certificate applied for, and in discussing the effect of the issuance of the second certificate to the same premises, the learned Chief Judge says:

"If there are several certificates outstanding for the same premises, the county treasurer should not permit a transfer authorizing the sale of liquor at any other place, unless all the certificates outstanding for that place are surrendered and the sale of liquor abandoned."

The rule was without doubt thus correctly stated, but it must be borne in mind that the facts in the Masterman Case differ from those in the case before us in one very essential particular. By the decision in the Masterman Case granting Hope his certificate, there were outstanding two valid certificates for the same premises. Neither was, so far as appears, open to attack, and the decision and Chief Judge Cullen's dictum above quoted, presupposed two valid certificates. Whereas, in the case at bar, we have but one valid certificate outstanding and another without any legal validity, having been issued in disregard of a statute expressly forbidding its issuance; thus clearly distinguishing

the case under consideration from the Masterman Case. If relator can be deprived of his right to transfer by such an illegal act of the county treasurer as is urged by the respondents, it would be possible to deny any certificate holder his statutory right to transfer his certificate, by the county treasurer merely issuing a second certificate to the same premises, although it might be based upon no proper application and be entirely unauthorized. The Masterman Case is authority for no such procedure. The embarrassment claimed by respondents is more fancied than real, and may be readily dissipated through the statutory proceeding hereinbefore adverted to to cancel the certificate thus illegally issued. Such proceeding would be much more appropriately taken by the excise department, under which the illegal certificate was issued, than by the relator, who has at all times acted well within his legal rights, and who ought not to be compelled to take a proceeding to correct an utterly illegal act for which he was in no wise responsible.

The order appealed from should be reversed, with costs, and an order should enter commanding the county treasurer of Steuben county to grant relator's application, and to make such transfer as of the time of the issuance of said writ, upon payment of the tax and fee therefor imposed by law, to the end that the relator or his assigns may apply for and obtain a new certificate for the premises at the corner of Cohocton and Beach streets in accordance with the requirements of statute. All concur.