(97 Misc. Rep. 492)

## In re MARSHALL.

(Supreme Court, Special Term, New York County.   August 7, 1916.)

1. INTOXICATING LIQUORS ⬄104—EXCISES—TRANSFER.
    The purchaser of a liquor tax certificate from a holder who surrendered possession of the premises, which the holder of another certificate then occupied after securing transfer, is entitled to transfer to another location, since the transfer would not increase the number of places for sale of liquors, prohibited by Liquor Tax Law (Consol. Laws, c. 34) § 8, subdiv. 9, as added by Laws 1910, c. 494, as amended by Laws 1915, c. 654.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. ⬄104.]

2. INTOXICATING LIQUORS ⬄104—EXCISES—TRANSFER.
    The proper rule is that whenever two certificates have been originally issued for the same premises, neither can be transferred unless both are surrendered, but when one certificate has been issued for the premises and another certificate is thereafter transferred into the premises by abandonment of the traffic elsewhere, the first certificate may be transferred out.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. ⬄104.]

3. INTOXICATING LIQUORS ⬄103—EXCISES—TRANSFER.
    The holder of a liquor tax certificate may transfer, whether in possession of the premises or not.

    [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 108–112; Dec. Dig. ⬄103.]

Proceeding by Davies J. Marshall, to review refusal of transfer of liquor tax certificate by John T. McNeill, Special Deputy Commissioner of Excise for the Boroughs of Manhattan and the Bronx.   Writ directing transfer granted.

J. S. Frost, of Albany, for appellants.
Fitch & Grant, of New York City, for respondent.

SHEARN, J.   [1] This is a proceeding under subdivision 1 of section 27 of the Liquor Tax Law brought to review the action of John T. McNeill, as special deputy commissioner of excise for the boroughs of Manhattan and the Bronx, in refusing to transfer to Davies J. Marshall a liquor tax certificate, No. 3730, for traffic in liquors by said Marshall at premises No. 2131 Amsterdam avenue, New York City, for the balance of the term of said certificate.   Marshall purchased said certificate from one Concetta Di Geraci, to whom it was issued by the respondent McNeill on September 30, 1915, for traffic in liquors for one year, commencing October 1, 1915, under the provisions of subdivision 1 of section 8 of the Liquor Tax Law, at premises No. 650 East Twelfth street, borough of Manhattan, New York City.   Marshall does not desire to traffic at the Twelfth street premises, and in fact cannot, as he is not in possession of those premises.   He has possession, however, of premises No. 2131 Amsterdam avenue, in which latter premises he desires to carry on the business for which the certificate was issued.   Traffic in liquors is not prohibited at No. 2131 Amsterdam avenue.   Marshall's papers upon the application for the

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

transfer are entirely regular. No objection has been made to them. It appears that long after Di Geraci received her certificate, and on or about May 5, 1916, one Michele Paccione, having obtained possession of premises No. 650 East Twelfth street, transferred a liquor tax certificate thereto, by abandonment of the liquor traffic at No. 674 Eighth avenue. So that it appears that from May 5, 1916, to May 10, 1916, when Marshall applied for the transfer, two certificates were outstanding for the Twelfth street premises, one issued directly for the premises, to Di Geraci, and one transferred to the premises by abandonment of other premises, by Paccione. Under these circumstances the special deputy commissioner claims that the transfer of Marshall's certificate will violate the provisions of subdivision 9 of section 8 of the Liquor Tax Law, limiting the issuance of certificates to one to each 750 of population in the borough of Manhattan. The object of the ratio provisions of the law is to prevent any increase in the number of places which may be certificated for the traffic in liquors. Unless a transfer has the effect of increasing the number of places certificated for the liquor traffic, it does not violate the provisions of section 8, subd. 9. The transfer of this certificate cannot increase the number of outstanding liquor tax certificates. Neither will it increase the number of places certificated for the liquor traffic, because Paccione did not apply directly for a certificate at the Twelfth street premises, but transferred his certificate there by abandonment of the traffic at 674 Eighth avenue, which is now closed to the traffic of liquors. Transfers do not in themselves affect the ratio. It is only where two certificates are issued for the same premises, based upon the same right of traffic, that a transfer of one violates the ratio provision. If this transfer is permitted, there will still be two businesses at two separate locations, just as there were before. Notwithstanding the undoubted fact that the transfer will not affect the ratio provisions, the excise department feels that its action is controlled by an incidental observation found in an opinion of the Court of Appeals in People ex rel. Hope v. Masterman, 209 N. Y. 182, 185, 102 N. E. 553, 554, as follows:

"If there are several certificates outstanding for the same premises, the county treasurer should not permit a transfer authorizing the sale of liquor at any other place unless all the certificates outstanding for that place are surrendered and the sale of liquor abandoned."

This dictum had reference to a totally different state of facts than that presented in the case at bar, and has no applicability to the facts in this proceeding. In the Hope Case, one Force applied for and received a certificate for premises in the town of Corning. Force has no lease of or interest in the premises, although he had been negotiating for a lease, which negotiation fell through. Force's certificate, in the language of the Court of Appeals, was granted upon the "unauthorized application of a stranger." Afterward Hope obtained a lease of the premises and applied for a certificate, which was refused because there was a previous one outstanding. The question before the court was simply whether Hope was entitled to a certificate, notwithstanding that the Force certificate was outstanding and unrevoked.

The court held that Hope was entitled to a certificate. No question of a transfer was involved in the case. The rule as to transfers laid down in the Hope Case is a very proper one as applied to that case, and as applied to every case where a certificate has been issued upon the unauthorized application of a stranger. The reason for the rule is clearly stated by the court: That if there are several certificates outstanding for the same place a transfer of one, without all others being surrendered, would permit of more places for the sale of liquor than the provisions of subdivision 9 of section 8 allow. That reason does not apply to this proceeding. In this proceeding the facts show that no certificate has been issued to a stranger to the premises. Di Geraci, in possession of the Twelfth street premises, applied for and received certificate No. 3730 for those premises. Di Geraci thereafter lost possession of the premises. Paccione, having obtained possession of the Twelfth street premises, abandoned the traffic at premises 674 Eighth avenue and transferred certificate No. 2657 to the Twelfth street premises. Di Geraci sold her certificate to Marshall, who now desires to transfer to 2131 Amsterdam avenue, as section 26 of the Liquor Tax Law clearly authorizes and permits her to do. In the proceeding at bar there is no clash over the possession of the premises. No two persons are claiming, or have claimed, the right to traffic at the Twelfth street premises by virtue of the same right of traffic. There has been no "unauthorized application of a stranger" to the premises. Di Geraci had possession of the premises when the license was issued and her right to certificate No. 3730, including the right to assign and the right to transfer is unassailable. Paccione does not hold his certificate by virtue of a right of traffic inherent in the premises; he abandoned the traffic at 674 Eighth avenue in favor of these premises; he commenced traffic at a time when he had possession of the Twelfth street premises, and his right to certificate No. 2657 is likewise unassailable. By refusing the transfer, it is, of course, true that the number of certificated places will be reduced by one. But the object of the ratio law is not to reduce the number of places by arbitrarily depriving proper persons of liquor tax certificates validly issued and under which no violations of law have occurred. Subdivision 9 of section 8 is commonly referred to as a "limitation law," and that is what it is. It was intended to prevent any increase in the number of places licensed for the sale of liquors. It protected by suitable exceptions every place established at the time of its enactment. It did not provide for any decrease in the number of places. If it contemplated any decrease in the number of places, such decrease was to be accomplished by natural means, not by arbitrarily forcing certificates out of existence by curtailing the rights of transfer given by law.

[2, 3] The proper rule is that whenever two certificates have been originally issued for the same premises, neither can be transferred unless both are surrendered, but when one certificate has been issued for the premises and another certificate is thereafter transferred into the premises by abandonment of the traffic at other premises, then the first certificate may be transferred out. The notice of abandonment

by Marshall of the Twelfth street premises was not an abandonment of all right of traffic in the premises, but only the right of Marshall to traffic therein under the certificate held by him. When Marshall filed his notice of abandonment of the Twelfth street premises, it became a place where traffic could not be legally carried on under his certificate, or at all, unless a certificate be brought from other premises legally certificated, which is just what happened in this case. Such a rule preserves the ratio and protects the rights of a certificate holder who has not violated the law. Whether Di Geraci or Marshall was in or out of possession of the Twelfth street premises on the day that these papers were presented and the transfer asked for is immaterial to the decision in this case. The right to transfer is not dependent upon the possession of the premises. The holder of a liquor tax certificate may transfer whether in or out of possession. The case must not be confused with those in which the applicant for a certificate never had the right of possession.

Marshall had the statutory right to transfer his right of traffic from place to place. This right of transfer is one of the privileges for which the tax was paid. The refusal to transfer in this case is not merely a denial of that privilege, but works a destruction of the certificate. The refusal to transfer was without legal justification under the facts of this case, and the application for a writ directing the special deputy commissioner to transfer liquor tax certificate No. 3730 to the petitioner, Marshall, for traffic in liquors at premises No. 2131 Amsterdam avenue, is granted, with costs.