CITIZENS BREWING CORPORATION, Plaintiff, *v.* JOHN
LIGHTHALL, GEORGE E. GREEN, State Commissioner
of Excise, JOHN P. MCNAB, Special Deputy Commis-
sioner of Excise for the County of Albany, and PEN-
ROSE & McENIRY, Defendants.

(Supreme Court, Albany Special Term, December, 1916.)

Liquor Tax Law — rights of owner of liquor tax certificate — lease —
   landlord and tenant — right of abandonment and transfer —
   injunctions.

>   The right of abandonment and transfer of a liquor tax cer-
> tificate to other premises belongs to the owner and holder of
> the certificate and not to the person in possession of the
> premises either as owner or as lessee.

>   While a liquor tax certificate remains in full force and effect
> the provision of the statute giving the holder the right of
> abandonment and transfer cannot be rendered nugatory by the
> issuance of a second certificate for the same premises.

>   Where a lease has terminated, the tenant as holder of a
> liquor tax certificate may bring an action in equity to enforce
> his right of abandonment and transfer as against one to whom
> a second liquor tax certificate for the same premises has been
> issued on the theory that the issuing officer has no right to
> refuse to issue a certificate when the application therefor is
> in due form, and pending the action, which seeks a cancella-
> ation of the second certificate, plaintiff may be granted an
> injunction restraining the traffic in liquors thereunder.

MOTION for an injunction.

Howard Hendrickson (Henry A. Rubino and Julius
Illch, of counsel), for plaintiff.

Walter H. Wertime, for defendants Lightall and
Penrose & McEniry.

J. Sheldon Frost for George E. Green, State Com-
missioner of Excise, and John P. McNab, Special
Deputy Commissioner of Excise.

RUDD, J.   The plaintiff moves for an order enjoin-
ing and restraining the defendant John Lighthall, and

his agents, from trafficking in liquors, under certificate No. 8303 at premises 38½ Oneida street, Cohoes, and further moves that the order asked for provide that certificate No. 8303 be delivered to and impounded by the clerk of the court during the pendency of the action.

The application by plaintiff is made upon the pleadings and upon affidavits submitted.

The complaint demands judgment decreeing an injunction against the defendant Lighthall, restraining him from trafficking in liquors under the certificate above named at the premises mentioned during the pendency of the action, and that certificate No. 8303 be declared to be void and of no effect, and that the same be canceled, and that the defendant Lighthall and defendants Penrose & McEniry be directed to consent to the abandonment of traffic under liquor tax certificate No. 8239 in the premises 38½ Oneida street and for such other order, judgment or decree as may be just and proper.

The plaintiff holds, under an assignment from the Conway Brothers Brewing and Malting Company, a liquor tax certificate No. 8239, issued to Ludwig Jagielo, authorizing him to traffic in liquors in Cohoes for the excise year beginning October 1, 1916, and ending September 30, 1917.

This certificate was issued to Jagielo October 1, 1916.

Under that certificate Jagielo trafficked in liquor at 38½ Oneida street up to four o'clock in the afternoon of October thirty-first this year. The plaintiff, Citizens Brewing Corporation, obtained possession of the liquor tax certificate under written assignment and on the morning following, November 1, 1916, at about eleven o'clock filed with the deputy commissioner of excise for Albany county a notice of abandonment

under the Excise Law, and that it was the intention of the plaintiff to carry on said traffic at other premises in Cohoes, namely, No. 4 Oneida street.

At nine forty-five o'clock, an hour and fifteen minutes before the filing of the notice of abandonment by the plaintiff, the defendant Lighthall for the defendants Penrose & McEniry, a brewing company, filed an application with the deputy commissioner of excise for Albany county asking the issuance of a certificate in the name of a person not a party to this action to traffic in liquors at premises 38½ Oneida street, the same premises to which the notice of abandonment referred.

This certificate was issued, and at the time this last named certificate was issued, which is certificate No. 8303 covering premises 38½ Oneida street, there was outstanding certificate No. 8239 which authorized the trafficking in liquors at the premises mentioned.

The deputy commissioner of excise issued the second certificate, as it is claimed by the department, in the performance of a duty only as a ministerial officer.

The plaintiff subsequently presented to the deputy commissioner of excise for Albany county an application to transfer the trafficking in liquors from the abandoned premises 38½ Oneida street to the premises No. 4 Oneida street.

This application was denied for the reason that the second certificate, No. 8303, to the defendant Lighthall had been issued.

The reason given by the deputy commissioner of excise for the refusal to transfer, as requested, was that if the application to transfer was granted it would result in the existence of certificates in number greater than one to every 750 of population, which in effect would be in violation of what is familiarly known as the ratio provision of the Excise Law.

·Supreme Court, December, 1916.          [Vol. 98.

The excise department of the state contends that the deputy excise commissioners are not judicial officers but exercise only ministerial functions and that when an application is presented to them for the issuance of a liquor tax certificate, which is on its face correct in form, the certificate must issue even if a great many certificates in number were issued, permitting the trafficking of liquors at the same place.

This means that if the holder of the original certificate, authorized to traffic, and who does traffic, desires to abandon the traffic in the particular premises for which the certificate was issued and transfer his business to other premises, another certificate having in the meantime been issued covering the original premises, then there might be danger in permitting a transfer of the first certificate to other premises, because there might be a greater number of rights to traffic than one to every 750 of population, and for this reason, and by reason of the decision in the Court of Appeals of *People ex rel. Hope* v. *Masterman,* 209 N. Y. 182, the excise department of the state takes the attitude that all holders of outstanding certificates must consent, otherwise the department will not permit the abandonment of the traffic, and for that reason will not transfer the certificate for which application is made.

In the opinion, written by Chief Judge ·Cullen in the *Hope* case, where a situation such as is here presented developed, he suggested, anticipating that it would be impossible to obtain the consents of the subsequent certificate holders, that an equity action be brought.

We have here such an action brought to determine and unravel, if possible, the complication which certainly seems to exist.

The right of abandonment and transfer to other premises belongs to the owner and holder of a liquor

tax certificate and not to the person in possession of the premises either as owner or lessee. *Matter of Farley*, 208 N. Y. 595.

Justice Shearn in a recent case,* this week affirmed by the Appellate Division in the first department, says that "the right to transfer is not dependent upon possession of the premises. The holder of a liquor tax certificate may transfer whether in or out of possession."

With the holding and ownership of a certificate, as we understand it under the law, goes the right to transfer contemplated and provided by the statute.

The defendants here contend that the only question of fact involved in this action is as to who was in possession of the premises at the time of filing of the application of Lighthall and the issuance to him of a certificate.

If our view of this situation is correct this matters not. Jagielo rented the premises sought to be abandoned, No. 38½ Oneida street, as a monthly tenant. On October 31, 1916, he was advised by the owners of the premises, brewers who are rivals of the plaintiff, that unless Jagielo purchased ales from them he would not be permitted to stay as a tenant.

Jagielo, to whom the original certificate was issued, has been purchasing ales from the Conway Brothers Brewing and Malting Company; that company in October, 1916, conveyed its assets to the plaintiff. Included in the sale was the liquor tax certificate No. 8239 covering the premises No. 38½ Oneida street.

McEniry Brothers did not desire that the plaintiff should be permitted to traffic in liquors in their premises and such knowledge coming to the plaintiff the plaintiff sought to abandon the traffic in the premises in question.

---

* *Matter of Marshall* v. *Green*, 97 Misc. Rep. 492.— REPR.

The plaintiff claims that Lighthall is a dummy in this transaction, that he is a plumber, that he signed the application and other papers simply because he was requested so to do.

A reading of Judge Cullen's opinion in the *Hope* case clearly indicates that there is a lack of statutory enactment upon which we can rely to unravel such a situation as this. He suggested remedial legislation. He also says: " Even under the present law if the owner wishes to transfer the business to another place he can maintain an action in equity to cancel the other certificate, a proceeding which will afford him relief though with some trouble."

We thus have a person lawfully entitled to traffic under a statute which provides that the right to abandon and transfer calls upon him to bring an action in equity to enforce those rights, as against the person to whom another certificate has issued, upon the theory that the issuing officer has no right to refuse the issuance of a certificate when the application is in due form. Which, in other words, means that the issuing officer, the deputy excise commissioner, would issue certificates permitting the traffic in liquors at a certain place each hour of the day so long as the applications were in due form, the license fee paid, and then leave it to the courts to determine, unless all the subsequent certificate holders consent, as to whether the original certificate holder can exercise the right afforded to him by the statute to abandon the trafficking at the place originally named and transfer to another locality.

The original certificate, as we understand it, is in full force and effect. The issuance of a subsequent certificate certainly cannot render null the provisions of the law running to the holder of the original certificate as to his rights to abandon and transfer.

The original certificate here is the certificate posted.

The state excise department a few weeks since issued a direction to those officers who have the power to issue certificates as follows: ''If you issue a Liquor Tax Certificate for certain premises, and a second certificate is thereafter applied for, please be sure to advise applicant that a certificate has already been issued, and that liquor traffic cannot legally be conducted in such premises except under the certificate posted, the owner of which certificate possesses lawful right to said premises.''

When, therefore, the deputy excise commissioner refused to transfer certificate No. 8239, in accordance with the law, he gave as a reason the issuance of a second certificate to the defendant Lighthall, and that: ''At the time said certificate was issued by the undersigned, he advised said John Lighthall that Certificate No. 8239 was issued and outstanding.''

This means, if it means anything, that the deputy commissioner of excise advised the defendant Lighthall that the original certificate No. 8239 was outstanding and that Lighthall could not legally traffic in liquors in the premises No. 38½ Oneida street.

We have not had an opportunity to develop the intricacies of the situation as they should be if final determination was here to be reached, but sufficiently, however, to convince the Special Term that pending the determination of this action the application here made by the plaintiff calls for the temporary relief which the plaintiff seeks.

The motion is, therefore, granted. An injunction should issue. The second certificate should be so placed that it cannot be posted and business in the trafficking of liquors cannot go on underneath it, at least until the situation which here exists is finally determined by a decree of the court.

Motion granted.