First Appellate Department, January, 1898. Reported. 25 App. Div. 222.

In the Matter of the Petition of GEORGE HILLIARD, Special Deputy Commissioner of Excise, Respondent, for an Injunction Restraining ANNIE GIESE, Appellant, from Trafficking in Liquors.

Liquor Tax Law—A certificate is a contract and property—It can not be impaired or taken away by a subsequent enumeration.

A liquor tax certificate constitutes a contract between the person to whom it is issued and the State; the right acquired thereby is property, and its owner is entitled to the same protection in this property as in any other.

A liquor tax certificate, issued on April 20, 1897, to a resident of the annexed district of the city of New York, to take effect May first of that year, is not rendered invalid by the fact that, upon an enumeration of the inhabitants of such district, made under the authority of the excise commissioner, pursuant to chapter 312 of the Laws of 1897, taking effect April twentieth, the enumeration being completed on April 25, 1897, the tax required by the commissioner is larger than that paid by the holder of the certificate.

Such amendment does not become operative until the enumeration required by it has been finished.

APPEAL by Annie Giese from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of November, 1897, granting an injunction restraining the said Annie Giese from trafficking in liquors upon certain premises until she shall have paid the liquor tax assessed thereon and obtained a liquor tax certificate in pursuance of law.

*Arthur Furber,* for the appellant.

*Alfred R. Page,* for the respondent.

RUMSEY, J. The respondent, as special deputy commissioner of excise, has applied to this court upon petition and affidavit for an order restraining the appellant from trafficking in liquors in the annexed district of the city of New York, until the liquor tax assessed upon her premises shall have been paid and a liquor tax certificate obtained in pursuance of the law. A certificate was issued to her in due form by the proper authorities,

on the 20th of April, 1897, authorizing her to sell liquor for one year from the 1st of May, 1897. It is conceded that this certificate was valid at the time that it was issued, and it is not claimed that the appellant has in any way violated the Liquor Tax Law. The claim is that, by reason of the provisions of the amendments to that law which took effect on the day on which the certificate was issued to her, and which became operative five or six days afterwards, a certificate which was valid when it was issued has ceased to be valid, and for that reason the commissioner of excise is entitled to an injunction to restrain her from continuing to sell liquor under its authority. No action has been commenced, but this is a special proceeding begun pursuant to section 29 of the law (Chap. 112, Laws of 1896) providing that if any person shall unlawfully traffic in liquor without obtaining a liquor tax certificate, the proper person, who in this case is the special deputy commissioner, may present a verified petition to a justice of the Supreme Court or to a Special Term of the court for an order enjoining such person from trafficking in liquor; and the court is authorized, if it is satisfied that such person is so doing, to issue the injunction. This mode of procedure is established by the statute, and exists only by its authority; and all the power which the court has to issue an injunction in this special proceeding, no action having been commenced, is derived solely from it. It is very doubtful whether this case comes within the statute, because the claim of the respondent is not that Mrs. Giese is trafficking in liquor without obtaining a liquor tax certificate, but that the tax certificate which she has obtained and which undoubtedly was valid when it was issued, has, by the course of subsequent legislation, become invalid.

But, passing that point, which is not insisted upon by the appellant, it is necessary to consider whether, in fact, the appellant had a valid tax certificate, and whether that certificate, if valid when it was issued, became invalid by the subsequent course of legislation or the action of the excise department of the State. The manner of procedure to obtain a liquor tax certificate is especially prescribed in the statute. Every person who desires to sell liquor must apply to the proper person in a form prescribed by the statute for the issuance of such certificate to him. With the application must be given a bond in a form also prescribed by the statute. (Laws of 1896, chap. 112, §§ 17, 18.)  This

application must be made on or before the first day of May. The tax is due and payable on the first day of May (§ 12), but section 21 of the statute makes provision for cases in which the tax shall have been paid not less than fifteen days before the time fixed for the expiration of the former tax certificate, from which it is fairly to be inferred that the tax may be paid by the person making the application at the time of making it, and the payment need not necessarily be postponed until the very day on which it is due. It is further provided by section 19 of the act that, after the application and the bond shall have been found to be correct in form, and the sureties upon the bond have been approved, then, upon payment of the tax, the proper officer shall at once prepare and issue a legal tax certificate in the form provided by the act. In this section is found the only authority to issue a tax certificate, and it is to be noticed that it can be issued only upon payment of the tax prescribed, and the payment is a condition precedent; so that it is quite clear that the officer upon whom is devolved the duty of issuing the certificate can only issue it after the tax has been paid. The owner of the certificate cannot be deprived of it except for some violation of the law. The statute provides that under certain circumstances this certificate may be surrendered, but the surrender can only be made in the manner and at the time provided by section 25 of the Liquor Tax Law, and when surrendered the officer receiving it is authorized to repay to the owner the proper proportion of the amount of the tax for the unexpired term of the certificate, from the first of the month succeeding the time on which the surrender is tendered; so that under no circumstances, after the first day of May in any year, could the certificate be surrendered and the owner receive back the full amount paid, but in any case the commissioner is required to retain at least one-twelfth of the tax.

The certificate, when it has been issued, constitutes a contract between the person who received it and the State, by which, for the consideration paid by the owner, the State has granted to him an absolute right to traffic in liquors for one year from the first of May subsequent to the date on which the certificate is granted, and of which he can only be deprived for some violation of the law so long as the statute remains in force. The right is a valuable one. It is property, and the person who receives it has the same right to be protected in this property as in any other for

which he has paid a valuable consideration and of which he is the owner. (*People* v. *Durante,* 19 App. Div. 292; *Niles* v. *Mathusa,* 20 id. 483.)

It appears in this case that Mrs. Giese was the owner of premises situated in that district of the city of New York which was annexed in the year 1895. On the 20th of April, 1897, she applied in proper form for a liquor tax certificate to entitle her to traffic in liquors from the first of May following. The tax required from her at that time was $100. This sum she paid, and on that day a certificate in due form was issued to her. There is no doubt, and it seems to be conceded, that the certificate then issued was valid, and, in the absence of any change in the statute, would have been sufficient to protect her in the lawful conduct of the business for the year during which it was in force. On the day on which the application was made an amendment to the Liquor Tax Law became a law, by which it was provided that if, since the last State enumeration, the boundaries of a city should have been changed by the addition of territory not in the same judicial district, such annexed territory should not be deemed a part of the city for the purpose of determining the amount of excise tax therein, but the inhabitants of that territory should be enumerated for the purpose of determining the amount of the tax, and when the enumeration had been had the tax assessed therein should be the same as that provided for in other places containing the same population. (Laws of 1897, chap. 312.) Pursuant to that amendment an enumeration was taken under the authority of the commissioner of excise, which was completed on the 25th day of April, 1897, and it was determined by him that the amount of the tax to be paid by persons in the annexed district in which Mrs. Giese lived and did business should be $350 instead of $100 as it had been. No notice seems to have been given of this to the appellant until the 10th day of May, 1897, at which time notice was sent to her that the tax assessed upon the business in her locality had been increased to $350, and she was required either to pay the additional $250 or to cease doing business under the certificate which had been issued to her. It is quite clear that, although the law may have taken effect on the twentieth of April, it could not become operative until the enumeration required by it had been finished. There was no provision in the statute that the issuing of certificates should be delayed until that had been done, nor was there any

requirement that it should be done at any particular time, but the Legislature seem to have been willing that, until the enumeration was taken, the rate to be paid for certificates should continue to be the same as that provided for by the act before it was amended. Nor was there anything in the act requiring that when it did become operative it should apply to all certificates which had been issued before the enumeration had been taken, but it seems to have been the intention of the Legislature that no change should take effect until the enumeration had been taken by the commissioner, because it is provided expressly that the tax assessed in each place enumerated shall be the same as that provided for the other places containing the same population. This provision necessarily implies that there can be no increase in the amount of the tax until the enumeration has actually been had. This is the plain construction of the statute and it accords with the well-settled rule that, so far as vested interests are concerned, every statute shall be deemed to be prospective in its operation except so far as the Legislature, within the limit of its powers, shall have expressly enacted to the contrary. (*Dash* v. *Van Kleeck,* 7 Johns. 477.) The certificate issued to the appellant, which was valid when she received it and under which she was lawfully trafficking in liquor, was not intended to be made invalid by an act which subsequently took effect. There was no way in which this certificate could have been revoked by the excise commissioner. The appellant could not have been required to give it up and receive the money which she had paid for it, because the right to surrender is exclusively given by the statute to the owner of the certificate, and upon that surrender there must be deducted from the sum paid by her the *pro rata* amount of the tax until the first day of the month after the certificate has been surrendered. There is no provision anywhere in the statute authorizing the commissioner to repay to any holder of a certificate the full amount of the tax which he has paid and receive back the certificate. Section 13 of the statute prescribes how he shall dispose of all the money which he receives in payment for the certificates, and it leaves him no discretion to repay that money and no authority to devote it to any other purpose than that provided for in the statute. There is no intention on the part of the Legislature anywhere in the act or in the amendments to give to the commissioner of excise, or to those persons who shall perform his duties, any right or

authority to interfere with a certificate after it shall have been issued, or to revoke it, or to receive back the money which has been paid for it. This certificate being valid when it was issued, there is no provision in the statute for taking away from the holder of it the protection which the statute gave her. Under it she was entitled to traffic in liquors during the time for which the certificate was granted, and in the absence of any provision by the Legislature authorizing or requiring its revocation, her right was complete and perfect, and she could not be interfered with.

For these reasons it was error to grant this injunction, and the order should be reversed and the petition for an injunction dismissed. As this is a special proceeding, costs as of an action should be granted to the appellant.

Van Brunt, P. J., Barrett, Patterson and O'Brien, JJ., concurred.

Order reversed and petition for injunction dismissed with costs as of an action to the appellant.

---

**Supreme Court, Herkimer Special Term, February, 1898. Reported. 22 Misc. 560.**

Joseph W. Baker, Plaintiff, *v.* Lorenzo O. Bucklin, Individually and as County Treasurer of Herkimer County, Defendant.

Liquor Tax Law—Payment, for a certificate, not recoverable—Population of a village not shown by the census.

Where it is conceded that the population of a village is at least 4,000, a holder of a liquor tax certificate, voluntarily paid for upon that basis, can not, merely because the population of the village is not stated, separately from that of its town, in either the last State or United States census, subsequently recover of the county treasurer the difference between that rate and the rate fixed for a village whose population is under 1,200; and the fact that the state commissioner of excise has not caused any enumeration of the village to be made under the statute (Laws of 1896, chap. 112, § 11, subd. 4), is immaterial.

Action brought to recover amount claimed to have been paid by the plaintiff for a liquor tax certificate, in excess of the amount required by law.