(156 App. Div. 450.)

### PEOPLE ex rel. HOPE v. MASTERMAN, County Treasurer.

(Supreme Court, Appellate Division, Fourth Department. April 30, 1913.)

1. INTOXICATING LIQUORS (§ 76*)—LICENSES—DUPLICATE LICENSES.
   In a proceeding to review a county treasurer's action in refusing to issue a Liquor Tax Certificate, on the ground that another certificate had been issued for the same premises to another person not a party to the proceeding, such former certificate must be treated as valid.
   [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 80; Dec. Dig. § 76.*]

2. INTOXICATING LIQUORS (§ 46½*)—LICENSES—LIQUOR TAX CERTIFICATE—DUPLICATE CERTIFICATE.
   Liquor Tax Law (Consol. Laws 1909, c. 34) § 17, as amended by Laws 1910, c. 494, requires the county treasurer to refuse an application for a liquor tax certificate if traffic at the premises, for which the license is sought, is prohibited by section 8, subd. 9, as added by Laws 1910, c. 494, and amended by Laws 1911, c. 298, which subdivision forbids the issuance of a certificate for any premises until the ratio of the population of the municipality to the number of certificates issued shall be

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

greater than 750 to 1, provided that such prohibition shall not apply to premises in which traffic was lawfully carried on at some time within a year immediately preceding the passage of the act, and was not abandoned thereat during the same period. *Held*, that the county treasurer could issue a certificate for premises as to which there was already a certificate outstanding and in force, where the premises were used for the traffic within a year preceding the passage of subdivision 9 and the traffic had not been abandoned thereat; the "ratio" clause not applying to prevent the issuance of the second certificate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 46½.*]

**3.** INTOXICATING LIQUORS (§ 46½*)—LICENSES.

The issuance of a liquor tax certificate is a statutory privilege, as to exercise of which the state has no further interest after compliance with the statutory requirements, so that the fact of the issuance of a first certificate, which was in force, need not be considered by the municipality in determining whether to issue a second certificate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 46½.*]

Appeal from Special Term, Steuben County.

Certiorari by the People, on the relation of James C. Hope, against William C. Masterman, as County Treasurer, to review defendant's action in refusing to issue a liquor tax certificate to relator. Order affirmed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Louis M. King, of Schenectady, for appellant.

Frank J. Saxton, of Corning, for respondent.

LAMBERT, J. The proceeding is certiorari to review the action of the appellant in refusing to issue to relator a liquor tax certificate for premises known as the Farley Building, in the town of Corning. It is made to appear that such application was denied for the reason that a certificate authorizing traffic in liquors at such premises was shortly theretofore issued by appellant to one Force, and that the number of certificates of this character then outstanding in such municipality exceeded the ratio prescribed by subdivision 9 of section 8 of the Liquor Tax Law (Consol. Laws 1909, c. 34) as added by Laws 1910, c. 494, and amended by chapter 298 of the Laws of 1911. It is further made to appear that Force, although he now holds such prior certificate, has no right of possession to the premises therein described, either as owner or lessee.

[1] It is not important here to inquire as to the validity of the certificate held by Force. This proceeding is not instituted to test that certificate, and Force is not a party to this record. So far as he is concerned, our inquiry can go no further than the fact that he does hold a certificate, now in force, and issued by the proper and duly authorized officer. We must treat it as a presumptively valid certificate in this proceeding.

[2] Our inquiry, then, is directed to the right of the county treasurer to issue a certificate authorizing traffic in liquors upon premises as to which there is already a certificate outstanding and in full force. There seems to be but a single provision of the statute directly ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plicable. By section 17 of the Liquor Tax Law, as amended by chapter 494 of the Laws of 1910, the county treasurer is required to refuse the application for a certificate, if traffic in liquors at the premises for which license is sought is prohibited by subdivision 9 of section 8 of such Liquor Tax Law, as added by Laws 1910, c. 494, and amended by chapter 298 of the Laws of 1911. This latter provision is what is commonly referred to as the "Ratio Law," and by it it is forbidden to issue a certificate for any premises in a town, village, or city until the ratio of the population of such municipality to the number of certificates issued shall be greater than 750 to 1. This provision is qualified, however, by the exception, contained in the same section, as follows:

"But this prohibition shall not apply to any premises in which such traffic in liquors was lawfully carried on at some time within one year immediately preceding the passage of this act, provided such traffic was not abandoned thereat during the said period."

It is conceded that the premises here involved were used for the traffic in liquors within one year immediately preceding the passage of such act, and that such traffic was not abandoned thereat during such period. It would therefore seem plain that the "Ratio Law" has no application to this case.

There being no express statutory prohibition against the issuing of a second certificate, it only remains to determine whether there is any policy of the state, as evinced by the statutes enacted, which prohibits its issuance. I find none. It is true that the courts have referred to the relation between the state and the certificate holder as being contractual in its nature. In re Petition of Hilliard, 25 App. Div. 222, 49 N. Y. Supp. 286, affirmed 155 N. Y. 702, 50 N. E. 1118. But, even conceding such to be its nature, there is no room for holding that the state is in any wise concerned in the right of the certificate holder to occupy the premises for which he has procured the certificate.

[3] The grant from the state is a statutory privilege. In re Lyman, 59 App. Div. 217, 69 N. Y. Supp. 309. And when that privilege is granted, after compliance with the statutory requirements, the state has no further interest in the question of whether the right thereby conferred is ever exercised or not. There is, then, no apparent reason why the issuance of the first certificate has any effect upon the second application. The issuance of the second certificate may create question as to the comparative rights of the two certificate holders; but it is not apparent that such question in any manner involves the state or the privilege granted by the state. Such question involves only the right to use the specific premises involved. The certificate holder who succeeds in maintaining his possession can then exercise the privilege granted by the state, while he who fails in such possession cannot exercise such privilege. As before suggested, the state is not concerned in such controversy.

The order should be affirmed, with costs. All concur; McLENNAN, P. J., in result, upon the ground that, upon all the facts appearing in the return and amended return, the certificate issued to Force was null and void.