PEOPLE ex rel. SPANG v. CAREY, Special Deputy Excise Com'r, et al.
(No. 68/155.)

(Supreme Court, Appellate Division, Fourth Department. March 10, 1915.)

1. INTOXICATING LIQUORS ⬥103—LIQUOR TAX CERTIFICATE—TRANSFER OF TITLE—CONSTRUCTION OF AGREEMENT.

Where an agreement between a liquor dealer and a brewing company was clearly not an assignment of the dealer's liquor tax certificate "as collateral security," within Liquor Tax Law (Consol. Laws, c. 34) § 12a, as added by Laws 1912, c. 263, or a sale of the certificate, within section 26, and its purpose was to leave the title in the dealer, but to give the brewing company all the surrender, abandonment, transfer, and renewal rights, it did not vest the brewing company with title to the certificate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 108–112; Dec. Dig. ⬥103.]

2. INTOXICATING LIQUORS ⬥103—LIQUOR TAX CERTIFICATE—ASSIGNMENT—VALIDITY.

An attempted assignment of a liquor tax certificate prior to its issuance is ineffective.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 108–112; Dec. Dig. ⬥103.]

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. INTOXICATING LIQUORS &#9758;103—LIQUOR TAX CERTIFICATE—TRANSFERS—
VALIDITY.

An attempted transfer of a liquor tax certificate is ineffective, unless the certificate is presented to the deputy commissioner of excise and his consent to the transfer is indorsed thereon, as provided by Liquor Tax Law, § 26.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 108–112; Dec. Dig. &#9758;103.]

4. INTOXICATING LIQUORS &#9758;103—LIQUOR TAX CERTIFICATE—ABANDONMENT AND TRANSFER—NOTICE—CONSENT OF ASSIGNEE.

Where an alleged assignment of a liquor tax certificate to a brewing company did not purport ·to assign the certificate as collateral security, it was not necessary that the brewing company's consent accompany the notice of abandonment and petition for transfer subsequently filed by the liquor dealer under Liquor Tax Law (Consol. Laws, c. 34) § 8, subd. 9, as added by Laws 1910, c. 494.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 108–112; Dec. Dig. &#9758;103.]

5. INTOXICATING LIQUORS &#9758;103—LIQUOR TAX CERTIFICATE—TRANSFER.

On an order of the deputy commissioner of excise permitting a liquor dealer to abandon the premises for which a liquor tax certificate was issued and to transfer the certificate to other premises and to an assignee, pursuant to Liquor Tax Law, §§ 25, 26, was proper, regardless of contentions made relative to equitable or contract rights in the certificate, not affecting the legal title; the determination of such controversy not being within the deputy commissioner's jurisdiction.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 108–112; Dec. Dig. &#9758;103.]

Appeal from Special Term, Monroe County.

Certiorari by the People, on the relation of Peter Spang against William J. Carey, Special Deputy Commissioner of Excise for the County of Monroe, and another. From an order directing the defendant named to issue a liquor tax certificate to relator, defendants appeal. Reversed, and writ of certiorari dismissed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

A. M. Sperry, of Albany (Louis M. King, of Schenectady, of counsel), for appellants.

Thomas H. Ward, of Syracuse (Jos. P. Hogan, of Rochester, of counsel), for respondent.

PER CURIAM. [1] The agreement of September 11, 1913, did not vest in the brewing company title to the liquor tax certificate thereafter on September 17th issued to Schiano. It was not an assignment of the certificate "as collateral security for moneys loaned or any other obligation incurred," within section 12a of the Liquor Tax Law; nor was it a sale of the certificate within section 26. Its intent and purpose seems to have been to leave the title in Schiano, but to give the brewing company all the surrender, abandonment, transfer, and renewal rights.

[2] If intended as an assignment, it did not pass title, as the certificate was not then in existence. Anchor Brewing Co. v. Burns, 32 App. Div. 272, 52 N. Y. Supp. 1005; Rochester Distilling Co. v. Rasey,

142 N. Y. 570, 37 N. E. 632, 40 Am. St. Rep. 635. The agreement of September 16, 1914, executed by the brewing company in the name of Schiano, by virtue of the power of attorney contained in the prior agreement, is in the same form, and for the same reasons did not vest in the brewing company title to the new liquor tax certificate issued to Schiano on his application September 15, 1914, for the ensuing year.

[3] The certificate was then in existence, but the instrument did not transfer the title. If it can be construed as intending to pass the title, that intent could be effectuated only by presenting the certificate to the deputy commissioner of excise and having his consent to the transfer indorsed thereon, as provided in section 26 of the Liquor Tax Law.

[4] As this agreement did not purport to assign the certificate as collateral security, no consent of the brewing company was necessary to accompany the notice of abandonment and petition to transfer filed by Schiano on October 1, 1914, under subdivision 9 of section 8 of the act.

[5] The deputy commissioner of excise having no authority or jurisdiction to determine equitable or contract rights in reference to the certificate not affecting the legal title, we think he properly allowed Schiano to abandon the premises for which said certificate was issued and to transfer the certificate to other premises and to the assignee, Martono, pursuant to sections 25 and 26 of the act. Traffic in liquors having thus been abandoned at said premises, the deputy commissioner of excise was prohibited by the express terms of subdivision 9 of section 8 of the statute from issuing to relator another certificate for the same premises, and hence he was right in refusing to grant relator's application.

The order appealed from is reversed, and the writ of certiorari dismissed, with costs.

Order entered nunc pro tunc as of the date of argument and submission of the appeal, viz., January 22, 1915. Motion to substitute executors in place of relator, deceased, denied, without prejudice to an application for substitution in the court below, if so advised.