FELIX KRUEGER, Appellant, *v.* THE BROADWAY BREWING AND MALTING COMPANY et al., Respondents.

*Krueger* v. *Broadway Brewing & Malting Co.*, 155 App. Div. 880, affirmed.

(Argued June 14, 1915; decided July 13, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 29, 1913, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term in an action brought by the plaintiff to set aside a certain transfer of a liquor tax certificate, which had been issued in his name, permitting the traffic in liquors on certain premises in the city of Buffalo, and to cancel and set aside the usual form of agreement and power of attorney that were made by this defendant, covering certificates that the brewing company had the control of. The answer alleges that in equity and in truth and in fact the brewing company was the owner of the said certificate, and that it had permitted the plaintiff to make use thereof for the purpose of selling liquors, but upon the express condition that only the beer of the defendant brewing company was to be sold, and that the plaintiff had violated the terms of that agreement by selling other beer, and that the defendant brewing company had taken possession of the certificate and transferred it to other premises.

*Alfred L. Becker* and *John J. Sullivan* for appellant.

*Vernon Cole* for respondents.

*Per Curiam.* It is unnecessary in this case, as it was in *Zobrest* v. *East Buffalo Brewing Co.* (210 N. Y. 626) and *Chilcott* v. *Broadway Brewing & M. Co.* (210 N. Y. 633), to construe the contract in suit. In those cases the plaintiffs, while still in default, attempted to recover their liquor tax certificates. In this case the plaintiff brought the action on the theory that an absolute assignment was obtained from him by fraud and has been beaten on that

issue. It is unnecessary, therefore, to determine whether the assignment was absolute, or only as security, or to decide what remedy, if any, is available to the plaintiff in case of the wrongful disposition of the liquor tax certificate by the assignee.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, CUDDEBACK, MILLER, CARDOZO and SEABURY, JJ., concur.

Judgment affirmed.