In re FARLEY, State Excise Com'r.

(Supreme Court, Appellate Division, First Department.　December 3, 1915.)

1. INTOXICATING LIQUORS ☞104—LICENSES—ABANDONMENT OF TRAFFIC—SUBSEQUENT SALE—EFFECT.

Where a notice of abandonment of the liquor traffic is filed, and intoxicants thereafter sold on the premises, such sale merely violates law, but does not destroy the effect of the notice of abandonment.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. ☞104.]

2. INTOXICATING LIQUORS ☞104—LICENSES AND TAXES—ABANDONMENT OF TRAFFIC—NEW LICENSE—STATUTE.

Under Liquor Tax Law (Consol. Laws, c. 34) § 8, subd. 9, as amended by Laws 1910, c. 494, and Laws 1911, c. 298, no liquor tax certificate may be issued in any borough unless the ratio of population therein to the number of certificates issued under subdivision 1 shall be greater than 750 to 1. The ratio in a certain borough was 518 to 1. The holder of a liquor tax certificate dealing in such borough filed notice of abandonment of the traffic on the licensed premises, and secured a transfer to another place, and the owner thereafter secured a new license for the next year for the abandoned premises. *Held* that, before he could lawfully trade in liquors at the old premises under the new license, it was necessary for him to file a new notice of abandonment, transferring the traffic in liquors from some other licensed premises in the borough to his own.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. ☞104.]

3. INTOXICATING LIQUORS ☞104—LICENSES AND TAXES—ABANDONMENT OF TRAFFIC—NEW LICENSE—STATUTE.

The exception of subdivision 9 of section 8 of the Liquor Tax Law that the higher ratio prohibition shall not apply to any such traffic in liquors as was lawfully carried on at some time within one year immediately preceding the passage of the act, provided that such traffic was not abandoned at the premises during the period, did not aid the dealer.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. ☞104.]

4. INTOXICATING LIQUORS ☞104—LICENSES AND TAXES—NOTICE OF ABANDONMENT OF TRAFFIC.

Where the holder of a liquor tax certificate assigned it to a brewing company, constituting it his attorney in fact with full power of substitution, and consenting to a transfer of the certificate, which brewing company assigned to a corporation that became, under the terms of the assignment, the attorney in fact of the certificate holder, and that was specifically authorized to have the certificate transferred to other premises than those mentioned in it, and to file notice of abandonment of the

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

traffic in liquors on the premises, notice of abandonment filed by the corporation was not a nullity, because not executed by the attorney in fact of the holder.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. ☜104.]

5. INTOXICATING LIQUORS ☜104—LICENSES AND TAXES—ABANDONMENT OF LIQUOR TRAFFIC—NOTICE.

Where notice of abandonment of the liquor traffic at premises mentioned in a liquor tax certificate was filed, and no new license was issued for the remaining two days of the year to the premises to which the certificate was transferred, the license remaining displayed in the original premises, the notice of abandonment was not therefore a nullity.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. ☜104.]

6. INTOXICATING LIQUORS ☜104—LICENSES AND TAXES—ABANDONMENT OF TRAFFIC—RIGHT TO FILE NOTICE.

The right to give notice of the abandonment of the liquor business in licensed premises resides solely in the owner and holder of the liquor tax certificate, and not in the person in possession of the premises, whether as owner or lessee.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. ☜104.]

Appeal from Special Term, New York County.

Petition of William W. Farley, as State Commissioner of Excise, for the revocation of a liquor tax certificate issued to Christian Vorndran. From an order denying the petition, petitioner appeals. Order reversed, and petition granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Louis M. King, of Schenectady, for appellant.
J. Wilson Bryant, of New York City, for respondent.

DOWLING, J. This proceeding is brought to revoke and cancel the liquor tax certificate issued to Christian Vorndran for trafficking in liquors at the premises No. 376 East 150th street, borough of the Bronx, city of New York, for the term commencing October 1, 1914, and ending September 30, 1915. Vorndran owned the premises in question, in which a liquor business had been conducted for nearly 30 years. On September 23, 1913, a certificate for the premises was issued to Valentine Berninger for the excise year 1913–14, which was assigned to the J. & M. Haffen Brewing Company as collateral security for money loaned; the assignment being duly filed. On February 3, 1914, this certificate was transferred by Berninger to John A. Crimins, who also assigned it to the same brewing company as collateral security; this assignment also being duly filed. Thereafter the brewing company duly assigned its interest in the certificate to Jacob Ruppert, a corporation, which on September 29, 1914, acting as attorney in fact for Crimins, duly filed a notice of abandonment of the traffic in liquors at these premises in favor of the premises No. 384 to 386 East 133d street, in the same borough; such notice being filed during the unexpired term of the Crimins certificate and executed by

his attorney, as required by subdivision 9, § 8, of the Liquor Tax Law. The important part of the notice of abandonment reads as follows:

"I, John A. Crimins, holder of liquor tax certificate No. 3617, by Jacob Ruppert, his duly authorized attorney, issued under the provisions of subdivision 1 of section 8 of the Liquor Tax Law, for traffic in liquors at premises situate at 376 East 150th street, in the borough of the Bronx, county of Bronx, state of New York, which certificate is now in full force and unexpired, and has not been surrendered for rebate, do hereby abandon the traffic in liquors under the provisions of subdivision 1 of section 8 of said law, at the premises above described, with the intention that such traffic in liquors may be carried on at premises situate at 384–386 East 133d street, in the borough of the Bronx, county of Bronx, state of New York. Said certificate was transferred on the 3d day of February, 1914, to John A. Crimins, and said certificate was assigned by said John A. Crimins to Jacob Ruppert on the 3d day of February, 1914, pursuant to the provisions of section 26 of the Liquor Tax Law."

Donato Christiano already had a license to traffic in liquors at 386 East 133d street, being the store at the corner of Willis avenue and East 133d street. He desired to have an additional license to cover a separate bar in 384 East 133d street, for which, as he says, he desired to have a license in reserve. As a matter of fact, however, no new certificate under the notice of abandonment and consent to transfer was issued for the remaining two days of the life of the Crimins certificate, namely, September 29th and 30th, and a liquor tax certificate covering said easterly bar was not issued until September 30th for the year 1914–15, and such certificate was a new certificate and covered no part of the preceding term.

[1] The relator has offered testimony to show that the Crimins license never was in fact removed from the 150th street premises, either on September 29 or September 30, 1914, and that beer was delivered to said premises on September 29th. He has not, of course, attempted to prove that business was actually done therein, in contradiction of the notice of abandonment, the sole force of which testimony, if offered, would have been to show that the law had been violated, and not to destroy the effect of the notice of abandonment. Crimins was not then in possession of the store. Vorndran and Wertman, who is termed his partner, had been in possession since June 18, 1914. A new liquor tax certificate for the year 1914-15 on the premises 376 East 150th street was issued to Christian Vorndran on September 15, 1914.

[2-6] The importance of this proceeding to the respondent lies in the fact that under section 8, subd. 9, of the Liquor Tax Law (chapter 39, Laws 1909), as amended by chapter 494, Laws 1910, and chapter 298, Laws 1911, no liquor tax certificate may be issued in any borough unless or until the ratio of population therein to the number of certificates issued under subdivision 1 of said section 8 shall be greater than 750 to 1, and then only pursuant to the provisions of this subdivision. It appears that the ratio in the borough of the Bronx at the time in question was 518 to 1. The same subdivision further provides that after the filing of a notice of abandonment it is—

"unlawful to so traffic in liquors in the premises described in such notice as the premises in which the traffic in liquors has been abandoned, unless there

shall subsequently be filed another notice of abandonment, in the manner herein provided, which notice shall describe such first abandoned premises as the premises in which it is intended to again carry on such traffic in liquors."

Therefore, before Vorndran could lawfully traffic in liquors at 376 East 150th street under his new license for 1914–15, it was necessary for him to file a new notice of abandonment, transferring the traffic in liquors from some other licensed premises to his own, which he failed at any time to do. Nor does the exception contained in the said subdivision providing that the higher ratio prohibition "shall not apply to any such traffic in liquors as was lawfully carried on at some time within one year immediately preceding the passage of this act" help the respondent because of what immediately follows, "provided such traffic was not abandoned thereat during the said period." Under these conditions there can be no alternative save to grant the petition of the state commissioner of excise for the revocation and cancellation of Vorndran's license for 1914–15.

The respondent contends that the notice of abandonment was a nullity, because it was not executed by the attorney in fact of Crimins, but by the assignee of such attorney, and because no new license was issued for the remaining two days of the 1913–14 term to the transferred premises, and the license remained displayed in the original premises. I do not think any of these contentions is well founded. Jacob Ruppert, a corporation, by the assignment from the Haffen Company (to which Crimins, the certificate holder, had himself assigned the certificate), under its express provisions became the attorney in fact of the certificate holder, and was specifically authorized thereby to have the said liquor tax certificate issued for said premises transferred to any premises other than those mentioned in said certificate, and to execute, acknowledge, and deliver for it, and in its name, place, and stead, a notice or notices stating that the traffic in liquors is abandoned in said premises. The same power to consent to a transfer of the certificate to the premises is contained in the assignment from Crimins to the Haffen Company, which also constituted said company his attorney in fact, with full power of substitution.

The sole question remaining, therefore, is whether the right to give notice of the abandonment of the liquor business in licensed premises resides in the person in possession of the premises, either as owner or lessee, or to the owner and holder of the liquor tax certificate. It has been expressly held that such right resides in the latter only. Matter of Farley (Bales Certificate) 154 App. Div. 282, 138 N. Y. Supp. 1050, affirmed on opinion below 208 N. Y. 595, 102 N. E. 1102.

It follows, therefore, that the order appealed from is reversed, and the application to revoke liquor tax certificate No. 4874, issued to the respondent Vorndran for the year 1914-15, is granted, with costs to the petitioner. All concur.