FITZGERALD v. WESTCHESTER COUNTY BREWING CO. et al.

(Supreme Court, Appellate Division, Second Department. January 14, 1916.)

1. LANDLORD AND TENANT ☞47—LEASES—CONDITIONS.

   In leasing a saloon the landlord can impose a condition against the tenant's assignment or transfer of the liquor tax certificate, together with a waiver by the tenant of the statutory right to remove the traffic elsewhere.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 112, 113; Dec. Dig. ☞47.]

2. LANDLORD AND TENANT ☞49—REMEDIES OF LESSOR—RIGHT OF ACTION IN EQUITY.

   Where the lessor of a saloon imposed a condition against the tenant's assignment or transfer of the liquor tax certificate, together with a waiver by the tenant of the statutory right of a certificate holder to remove the traffic elsewhere, and one acting under an assignment and power of attorney from the tenant filed with the excise commissioner notice of abandonment of the premises in favor of a transfer to other premises, and so transferred the license to another, the lessor was entitled to the aid of a court of equity to set aside the transfer and restore the liquor tax certificate to the premises leased, upon payment of tenant's indebtedness to his assignee.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 117–119; Dec. Dig. ☞49.]

Appeal from Special Term, Westchester County.

Action by George F. Fitzgerald against the Westchester County Brewing Company and another. From the judgment, defendants appeal. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

William A. Walsh, of Yonkers (Jacob A. Bernstein, of Mt. Vernon, on the brief), for appellants.

Arthur I. Strang, of White Plains, for respondent.

PER CURIAM. [1] In leasing his saloon, plaintiff could impose a condition against the defendant's assignment or transfer of the liquor tax certificate, together with a waiver by the tenant of the statutory right of a certificate holder, to remove the traffic elsewhere.

[2] On June 24, 1914, the Westchester County Brewing Company, with knowledge of these restrictions in the lease, acting under an assignment and power of attorney from the tenant, filed with the deputy excise commissioner for Westchester county, a notice of abandonment of No. 7 Grove street, in favor of a transfer to premises at No. 17 Orawaupum street, and so transferred the license to William Hobby, its employé, who is made a defendant herein. This attempted notice of abandonment of traffic at No. 7 Grove street, accompanied by a transfer of the right of such traffic to another location, was a wrong to plaintiff, not to be remedied at law. People ex rel. Spang v. Carey, 167 App. Div. 949, 152 N. Y. Supp. 569. It therefore called for equitable relief.

These acts enabled appellants to take over this liquor traffic to a new location and stop and disable plaintiff from traffic at No. 7 Grove street. While not strictly null and void, they were subject to be canceled, and the liquor tax license reassigned in equity. All the first four conclusions of law, however, are modified, so as to strike out at the ends the words "null, void, and of no effect," and substitute "in known violation of the plaintiff's rights."

The decree, being conditional upon repayment of the tenant's indebtedness to the Brewing Company, with interest, fully protected the defendants' equitable rights.

The judgment is therefore affirmed, with costs.