In re GREEN, State Excise Com'r.

In re DI IORIO.

(Supreme Court, Appellate Division, First Department. March 3, 1916.)

1. INTOXICATING LIQUORS ⬡⟹104—LIQUOR TAX CERTIFICATE—ABANDONMENT —EFFECT.

Liquor Tax Law (Consol. Laws, c. 34) § 8, subd. 9, as amended by Laws 1910, c. 494, and Laws 1911, c. 298, provides, in part, that no liquor tax certificate shall be issued in any borough unless the ratio of population to the number of certificates issued shall be greater than 750 to 1, and also provides means by which the right to traffic in liquors may be transferred from one location to another, by filing a written notice of abandonment for the traffic at one place in favor of new premises, and that after the filing of such notice, which is thereafter made effectual by application for a new certificate for traffic in liquors at the new premises, it shall be unlawful to traffic in liquors at the abandoned premises, "unless there shall subsequently be filed another notice of abandonment, * * * which notice shall describe such first abandoned premises as the premises in which it is intended to again carry on such traffic in liquors." A liquor tax certificate was issued on September 22, 1914, to defendant for 237 East 151st street, effective October 1, 1914. On September 30, 1914, a person in possession of the premises, holding a liquor tax certificate expiring September 30, 1914, filed a proper notice of abandonment under the law, in favor of another location, at which a saloon was thereafter conducted. Held, that the issuance of the certificate to defendant conferred no rights upon her, where the ratio of population to liquor certificates issued was less than 750 to 1.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 109; Dec. Dig. ⬡⟹104.]

2. INTOXICATING LIQUORS &⇒103—LIQUOR TAX CERTIFICATE—COLLATERAL ATTACK.

The validity of the assignment of a liquor tax certificate and the right of the assignee under its power of attorney could not be attacked collaterally, and was therefore to be conclusively presumed.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 108–112; Dec. Dig. &⇒103.]

3. INTOXICATING LIQUORS &⇒61(1)—LIQUOR TAX CERTIFICATE—NOTICE OF ABANDONMENT.

It was the duty of the state commissioner of excise to receive and file a notice of abandonment good on its face, filed by an assignee under power of attorney, as his duties are purely ministerial, and he has no authority or jurisdiction to pass upon the equitable or contract rights in a certificate, not affecting the legal title.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 60–62; Dec. Dig. &⇒61(1).]

4. ESTOPPEL &⇒62(5)—LIQUOR TAX CERTIFICATE—REVOCATION.

Since the commissioner of excise was obliged to issue a liquor tax certificate to defendant, and defendant knew, or should have known, of the existence of another liquor tax certificate issued to the person in possession of the premises, and that, if a certificate were issued to her, it would be rendered void by a subsequent filing of a notice of abandonment by the occupant of the premises, the commissioner was not estopped from suing to revoke her certificate, since the mere issuance of a certificate, which subsequently is rendered void under the statute, works no estoppel.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 151–153; Dec. Dig. &⇒62(5).]

Appeal from Special Term, New York County.

Petition by George E. Green, as State Commissioner of Excise, to cancel a liquor tax certificate isued to Cristina Di Iorio. From an order denying the motion, petitioner appeals. Reversed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Louis King, of Schenectady, for appellant.
Domenick A. Montani, of New York City, for respondent.

McLAUGHLIN, J. On September 30, 1913, a liquor tax certificate was duly issued to one John Tino, pursuant to subdivision 1 of section 8 of the Liquor Tax Law, authorizing him to traffic in liquors for the year ending September 30, 1914, at 245 East 152d street in the borough of the Bronx. On January 15, 1914, there was filed with the special deputy commissioner of excise for the boroughs of Manhattan and the Bronx an assignment of this certificate as collateral security for the payment of money loaned or advanced, and also a power of attorney executed by Tino to H. Koehler & Co. On the same day, Tino, by H. Koehler & Co., his attorney in fact, filed a notice of abandonment of premises 245 East 152d street in favor of premises 237 East 151st street. On September 30, 1914, Tino, by the same attorney in fact, filed a notice of abandonment of premises 237 East 151st street in favor of premises 370 Morris avenue, and on November

25, 1914, one Alberto Faiello applied for and received a liquor tax certificate authorizing him to traffic in liquors at the latter place for the excise year 1914–1915. Faiello, from November 25, 1914, down to the time of the trial, engaged in the traffic of liquors at 370 Morris avenue under that certificate. Prior to the filing of the last notice of abandonment, and on September 8, 1914, the respondent Di Iorio applied for and on September 22, 1914, received a liquor tax certificate for the term commencing October 1, 1914, authorizing her to traffic in liquors at 237 East 151st street. It is this certificate that the petitioner seeks to have canceled. The trial court denied the application to cancel, and the appeal is from that order.

[1] The statute applicable to the conceded or established facts is subdivision 9 of section 8 of the Liquor Tax Law (Laws of 1910, c. 494, as amended by Laws of 1911, c. 298). This subdivision of the statute provides, among other things, that no liquor tax certificate shall be issued in any borough unless or until the ratio of population therein to the number of certificates issued under subdivision 1 of section 8 shall be greater than 750 to 1. It also provides means by which the right to traffic in liquors may be transferred from one location to another by filing a written notice of abandonment for the traffic at one place in favor of new premises to which it is intended to transfer the same. It also prescribes that after the filing of a notice of abandonment, which is thereafter made effectual by application for a new certificate for and traffic in liquors at the new premises, it shall be unlawful to traffic in liquors at the abandoned premises "unless there shall subsequently be filed another notice of abandonment, * * * which notice shall describe such first abandoned premises as the premises in which it is intended to again carry on such traffic in liquors."

It is conceded that at the time the Di Iorio certificate was issued, and down to the time of the trial, the ratio of population in the borough of the Bronx to the number of liquor tax certificates issued therein under subdivision 1 of section 8 was less than 750 to 1, and no claim is made that at any time since September 30, 1914, a notice of abandonment in favor of 237 East 151st street has existed. This being so, it necessarily follows that traffic in liquors at those premises became unlawful upon the filing of the notice of abandonment on September 30, 1914. The issuance of the certificate sought to be canceled conferred no rights on Di Iorio to traffic in liquors there, and for that reason the court should have revoked and canceled the same. Matter of Farley, 154 App. Div. 282, 138 N. Y. Supp. 1050, affirmed on opinion below 208 N. Y. 595, 102 N. E. 1102; Matter of Farley (Sup.) 155 N. Y. Supp. 1049 (decided by this court at the last November term, not yet officially reported). These authorities, it seems to me, are directly in point, and required the trial court to grant the petition and cancel the certificate.

[2] The respondent, however, urges that H. Koehler & Co. had no right to execute and file the notice of abandonment on September 30, 1914; that prior to that date it had been paid in full the amount of money advanced or loaned and for which the certificate was assigned

as collateral security; hence the notice of abandonment filed by it had no legal effect. The trouble with this contention is that the validity of the Tino assignment and the right of Koehler & Co. under its power of attorney cannot be attacked collaterally, certainly not by Di Iorio, who was not a party to the same. That could only be done by the parties to the assignment, or their representatives, or by the judgment of a court of competent jurisdiction in an action in which its validity was directly brought in issue. The power of Koehler & Co., therefore, as attorneys in fact for Tino, to execute and file the notice of abandonment thereunder, must, for the purpose of this proceeding, be conclusively presumed.

[3] The duties of the state commissioner of excise are purely ministerial (People ex rel. Hope v. Masterman, 209 N. Y. 182, 102 N. E. 553) and he has no authority or jurisdiction to pass upon the equitable or contract rights in reference to a certificate not affecting the legal title (People ex rel. Spang v. Carey, 167 App. Div. 949, 152 N. Y. Supp. 569). In the present case, therefore, it was the duty of the petitioner to receive and file the notice of abandonment and to issue a new certificate to Faiello for 370 Morris avenue.

[4] Nor is there any merit in the respondent's contention that the petitioner is estopped from seeking to revoke her certificate. When Di Iorio made her application, she was, on the records and facts as they then existed, entitled to a certificate, and the petitioner had no alternative but to issue one to her. But she then knew, or might have known, that by reason of the filed assignment and power of attorney to Koehler & Co., if a certificate were issued to her, it would be rendered void by the subsequent filing of a notice of abandonment by Koehler & Co. of 245 East 152d street. When, therefore, a notice of abandonment of 245 East 152d street was filed by Koehler & Co., and a new certificate issued for 370 Morris avenue, and the new certificate holder, Faiello, complied with the requirements of the statute by there engaging in liquor traffic thereunder, the traffic in liquors at 237 East 151st street became illegal, and the petitioner was bound to apply for the revocation of the Di Iorio certificate.

The mere issuance of a certificate, which subsequently is rendered void under the statute, works no estoppel, nor is Matter of Farley, 111 N. E. 66, upon which respondent relies, authority for such a proposition. In that case the right to revoke a certificate on the ground that answers to questions in the application were false was denied, it appearing that notice of abandonment had been filed, but had become null and void, because not acted upon as expressly required by the statute. It also there appeared that the certificate was issued after the notice of abandonment had become so null and void, and after a full disclosure of all the facts and circumstances surrounding the application had been made to the officer issuing the certificate, who directed the applicant to answer in the negative the question, "Has a notice of abandonment * * * been heretofore filed?" The court held that under such circumstances the state, through its agent, was estopped from destroying the property of the applicant, on the ground that the answer was false.

If the foregoing views be correct, then it follows that the order appealed from should be reversed, with $10 costs and disbursements, and the application to revoke liquor tax certificate No. 5239 issued to Di Iorio for the year 1914–1915 should be granted. Order filed. All concur.