charge the jury that "Motive plays absolutely no part in your deliberations."

We cannot say, under section 542 of the Code of Criminal Procedure, in this case that the errors occurring on the trial did not affect the defendant's substantial rights.

The judgment of conviction should be reversed and a new trial ordered.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN, CARDOZO and McLAUGHLIN, JJ., concur.

Judgment of conviction reversed, etc.

---

CITIZENS BREWING CORPORATION, Appellant, *v.* JOHN LIGHTHALL et al., Respondents, Impleaded with Others.

Liquor tax certificate — assignment of certificate — abandonment of premises for which such certificate was granted and application to have certificate transferred to other premises — when such transfer improperly denied because certificate for premises abandoned had been issued to a new tenant thereof.

A liquor tax certificate authorizing traffic in liquors at a place therein named passed by assignment with all the rights appertaining thereto to plaintiff, and the original holder of the certificate surrendered possession of the premises on which the business was carried on to his landlord. The next day a lessee of the premises obtained from the proper authorities a certificate to traffic in liquor therein. The plaintiff on the same day gave notice of the abandonment of the right there to traffic in liquors, and at the same time presented the necessary papers to have the original certificate transferred to other specified premises in the same city, which application was denied by the excise department on the ground that a certificate had been granted the lessee of the premises in question. Plaintiff brings this action in equity to revoke and cancel the certificate issued to the tenant who succeeded to the occupancy of the premises. *Held*, that the action can be maintained; that the certificate issued to the tenant had no validity, and that plaintiff's application to transfer the certificate issued to plaintiff's assignor

should have been granted. (Liquor Tax Law [Cons. Laws, ch. 34], § 8, subd. 9, amd. L. 1911, ch. 298; § 27, subd. 2, amd. L. 1910, ch. 503.) (*Matter of Farley*, 170 App. Div. 400; affd., 220 N. Y. 663, followed; *People ex rel. Hope* v. *Masterman*, 209 N. Y. 182, explained.)

*Citizens Brewing Corp.* v. *Lighthall*, 177 App. Div. 18, reversed.

(Argued April 19, 1917; decided June 5, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 6, 1917, which reversed an order of Special Term granting a motion for an injunction *pendente lite* and denied said motion.

The following questions were certified: " 1. Could the plaintiff, as assignee of Ludwig Jagielo, the holder of the certificate in question, holding the assignment merely as collateral security for indebtedness, surrender (under the instrument of assignment) said liquor tax certificate, and on behalf of Jagielo abandon the traffic in liquors at 38½ Oneida street, in the city of Cohoes, and petition for the transfer of said liquor tax certificate to other premises in said city, and to another person ?

" 2. Are the rights and privileges given under section 25 of the Liquor Tax Law, as amended by chapter 407 of the Laws of 1911, and subdivision 9 of section 8 of the Liquor Tax Law, personal to the holder of the certificate or may they be exercised by a person to whom the holder has assigned said certificate as collateral security, giving him the power to abandon traffic in said premises and to petition as provided for by said law ?

" 3. Did the defendant John Lighthall have the right to traffic in liquors under the certificate issued to him at the premises 38½ Oneida street, city of Cohoes ?

" 4. Did the attempted abandonment made by the plaintiff of the traffic in liquors under the Jagielo certificate affect the rights of the defendant John Lighthall ?

" 5. Were any rights vested in the defendant John Lighthall by reason of the issuance of the certificate to him ?

" 6. Could the plaintiff abandon the right to traffic in liquors to the prejudice of the rights of the owners or tenants of the premises ?

" 7. Could the plaintiff abandon the right to traffic in liquors to the prejudice of the rights of the defendant Lighthall ?

" 8. Is the plaintiff, on the papers herein, entitled to an injunction restraining the defendant Lighthall from trafficking in liquors and commanding the defendants Lighthall and Penrose & McEniry to delivers aid Liquor Tax Certificate to the clerk of the court to be held and impounded by said clerk during the pendency of the action ? "

The facts, so far as material, are stated in the opinion.

*Henry A. Rubino* and *Howard Hendrickson* for appellant. No authority existed for the issuance of the second certificate to Lighthall and he could gain no right of traffic while the first certificate was outstanding, uncanceled and unrevoked. (*People ex rel. Young* v. *Shults*, 167 App. Div. 34.) Possession of the premises where the traffic in liquors is sought to be abandoned has nothing to do with the right to abandon. (*Matter of Marshall*, 97 Misc. Rep. 492; *Brunner* v. *Farley*, 93 Misc. Rep. 681; *Matter of Farley*, 154 App. Div. 286; *Matter of Farley*, 170 App. Div. 404.)

*Walter H. Wertime* for respondent. Certificate No. 8303 was properly issued to the defendant John Lighthall. (*People ex rel. Hope* v. *Masterman*, 209 N. Y. 182.)

*H. B. Chase* and *Harry D. Sanders* for state department of excise. The plaintiff, as assignee of Ludwig Jagielo, the holder of the certificate in question, holding the assignment merely as collateral security for indebtedness, could not surrender (under the instrument of assignment) said liquor tax certificate, and on behalf of Jagielo

abandon the traffic in liquors at 38½ Oneida street, in the city of Cohoes, and petition for the transfer of said liquor tax certificate to other premises in said city, and to another person. (*Matter of Lyman*, 59 App. Div. 222; *Matter of Mitchell*, 41 App. Div. 271.) The defendant John Lighthall had the right to traffic in liquors under the certificate issued to him at the premises 38½ Oneida street, city of Cohoes. (*People ex rel. Hope* v. *Masterman*, 156 App. Div. 450.) The plaintiff, on the papers herein, is not entitled to an injunction restraining the defendant Lighthall from trafficking in liquors and commanding the defendants Lighthall and Penrose & McEniry to deliver said liquor tax certificate to the clerk of the court, to be held and impounded by said clerk during the pendency of the action. (*People ex rel. Hope* v. *Masterman*, 209 N. Y. 182.)

McLaughlin, J. This appeal is by permission from an order of the Appellate Division, third department, reversing, by a divided court, an injunction *pendente lite* and certifying certain questions.

The action is in equity, to enjoin respondent Lighthall from trafficking in liquors under certificate No. 8303 in premises located at 38½ Oneida street, in the city of Cohoes, county of Albany, during the pendency of the action, to revoke and cancel such certificate, and for other relief.

A determination of the question presented by the appeal necessitates a statement of the facts involved in or connected with the issuance of the certificate to Lighthall. On the 30th of September, 1916, liquor tax certificate No. 8239 was issued to one Ludwig Jagielo, authorizing him to traffic in liquors at No. 38½ Oneida street for one year from October 1, 1916. Jagielo assigned the certificate as collateral security for the payment of money loaned to him by Conway Brothers Brewing & Malting Co., and at the same time he gave to it an irrevocable

power of attorney authorizing such corporation, or its assigns, to sell or surrender the certificate or transfer it from 38½ Oneida street to other premises.  The corporation thereafter assigned all its rights to the plaintiff in this action.  Jagielo trafficked in liquors at the place named until the 31st of October — just a month from the time the certificate was issued to him — and at four o'clock in the afternoon of that day he delivered to the plaintiff his liquor tax certificate and surrendered possession of the premises to his landlord.  The premises were, after such surrender, leased to the respondent Lighthall, who, at 9:45 on the following morning, made an application for, and obtained from the proper authorities, a certificate to traffic in liquors therein.  A few minutes thereafter the plaintiff gave notice of abandonment of the right there to traffic in liquors, and at the same time presented the necessary papers to have the certificate issued to Jagielo transferred to No. 4 Oneida street.  The application to transfer was denied on the ground that there was then outstanding the certificate just issued to Lighthall.

If the certificate were legally issued to Lighthall, then the application of plaintiff to transfer was properly denied, because, if granted, the number of licenses issued in the locality would have exceeded the ratio of population provided in the statute, and to determine the legality of such certificate this action was brought.

I am of the opinion that the certificate issued to Lighthall had no validity, and the plaintiff's application to transfer the certificate issued to Jagielo being properly made, should have been granted.  Such certificate was then in full force and effect, and so long as it had not been transferred from 38½ Oneida street, no certificate could be issued to another legally authorizing him to traffic in liquors at that place.  The fact that Jagielo had surrendered possession of the premises and the certificate issued to him had been removed therefrom, in no

way changed the situation. The plaintiff, as the holder of the Jagielo certificate, could transfer, notwithstanding the fact that he was not in possession (*Matter of Farley,* 170 App. Div. 400; affd., 220 N. Y. 663) and it had sixty days within which to make such transfer effective. (Liquor Tax Law [Cons. Laws, ch. 34], subdiv. 9, § 8, as amended by chap. 298 of the Laws of 1911.) The statute referred to provides, among other things: " Provided, however, that at any time during the unexpired term of any liquor tax certificate issued for traffic in liquors under the provisions of subdivision 1 of this section in any premises in which such traffic may lawfully be carried on, a notice stating that such traffic in liquors is abandoned at the premises named in such certificate may be filed with the county treasurer or special deputy commissioner of excise of the county or borough in which the certificated premises are located, which notice shall also particularly describe some other premises in which it is intended to carry on such traffic, which premises shall be situated in the same city, borough, village or town as that in which the abandoned premises are located. * * * But in any case such notice shall be null and void unless within sixty days from the filing thereof such traffic in liquors shall be lawfully carried on at the premises described in such notice as the premises in which it is intended to carry on such traffic, and continued thereat for a period of not less than sixty days, and the filing of a notice that becomes null and void shall not be deemed an abandonment of the traffic at the premises described in such liquor tax certificate. After the filing of such notice as aforesaid, the prohibition herein contained shall not apply to the premises described in such notice as the premises in which it is intended to carry on such traffic, provided that an application for a certificate to carry on such traffic in liquors thereat shall be made in due form to the proper officer, within sixty days from the filing of such notice, and provided further that such traffic is continuously thereafter carried on at

said premises for a period not less than sixty days. Except in case where such notice becomes null and void as aforesaid, no liquor tax certificate for traffic in liquors under the provisions of subdivision 1 of this section shall thereafter be issued for, and it shall be unlawful to so traffic in liquors in the premises described in such notice as the premises in which the traffic in liquors has been abandoned, unless there shall subsequently be filed another notice of abandonment, in the manner herein provided, which notice shall describe such first abandoned premises as the premises in which it is intended to again carry on such traffic in liquors."

By the provision of the statute quoted it will be observed that the holder of a liquor tax certificate may, at any time during the unexpired term of the same, file with the proper officer a notice of abandonment to traffic in liquors at premises described in the certificate, naming others in the same city, village or town in which it is intended to carry on the traffic. It also specifically gives to the holder of the certificate who has filed such notice of abandonment sixty days within which to apply for a transfer of the certificate to other premises described in the notice, and during that time prohibits the issuance of any liquor tax certificate under the provisions of subdivision 1 of section 8 for trafficking in liquors at the premises described in such notice as those in which such traffic has been abandoned.

On November 1, when the plaintiff applied for the transfer of the certificate issued to Jagielo, the term for which it was issued had not expired, but, as heretofore said, was in full force and effect. The plaintiff then, as the holder of that certificate, had a legal right to abandon liquor traffic at 38½ Oneida street and designate other premises in the same city as the place where it was intended such traffic would thereafter be carried on. The notice of abandonment was in proper form, as were the papers necessary for a transfer of the certificate.

For a period of sixty days after the notice of abandonment was given — unless the transfer were made in the meantime — no other certificate could be legally issued permitting traffic in liquors at 38½ Oneida street, and any traffic at such place during such period was in direct violation of law. The issuance of the certificate to Lighthall was unauthorized, contrary to the expressed provision of the statute, and the certificate, therefore, invalid for any purpose. The one issued to Jagielo being valid and in force, there was no legal justification for denying the application to transfer. Plaintiff had a legal right to make the transfer and a legal right cannot be destroyed by the illegal or unauthorized act of another. When plaintiff's application was made it was the duty of the deputy excise commissioner — plaintiff acting strictly within its legal rights — to have granted the transfer, and if, in his opinion, the certificate illegally issued to Lighthall prevented the transfer, then he should have exercised the power which he had under subdivision 2 of section 27 of the Liquor Tax Law, as amended by chapter 503 of the Laws of 1910. It is there provided that "At any time after a liquor tax certificate has been issued to any person * * * said liquor tax certificate may be revoked and cancelled * * * if the holder of said certificate was not for any reason entitled to receive or hold the same, or to traffic in liquors."

It cannot be that the statute ever contemplated that a public official, clothed with power to issue liquor tax certificates, should, when an application is made, grant the same, even though in doing so the statute is violated by the number of licenses exceeding the ratio provided. Nor can it be that the statute ever contemplated that such public officer, acting for and on behalf of the state, should accept money for a privilege, well knowing that it does not exist and cannot be exercised. The official who issued the Lighthall certificate knew that he had no right to perform such act, because in doing so the number of

certificates exceeded the statutory ratio.   He also knew when he accepted the license fee from Lighthall that his privilege of trafficking in liquors at the place named did not exist. . Having this knowledge it was his duty in the first instance to refuse to issue such license until the barrier caused by the Jagielo certificate had been removed. And having neglected to perform his duty in this respect, then an additional duty was imposed upon him to have canceled and revoked the Lighthall certificate as soon as he ascertained that its existence interfered with the rights of the holder of the Jagielo certificate.

The view thus expressed is sustained in part at least by the following authorities: *People ex rel. Young* v. *Shults* (167 App. Div. 33; affd. on op. below, 218 N. Y. 626); *Matter of Farley (Vorndran Certificate) (supra);* *Krueger* v. *Broadway Brewing & Malting Co.* (215 N. Y. 722); *Zobrest* v. *East Buffalo Brewing Co.* (210 N. Y. 626); *Chilcott* v. *Broadway Brewing & Malting Co.* (Id. 633); *Matter of Farley (Bales Certificate)* (154 App. Div. 282; affd. on op. below, 208 N. Y. 595), and *Matter of Green (Di Iorio Certificate)* (171 App. Div. 583).

That an action can be maintained in equity for the relief here sought is sustained by *People ex rel. Hope* v. *Masterman* (209 N. Y. 182) in which the statement is made that if the owner of a certificate desires to transfer the business to another place he can maintain an action in equity to cancel another certificate if it interferes with the desired change.

But it is strenuously urged that the decision in the *Hope* case justified the issuance of the certificate to Lighthall.   I do not think the decision in that case is susceptible of the construction thus put upon it.   There, one Force applied for and received a certificate to traffic in liquors on certain premises in the town of Corning.   When the application was made and the certificate issued, Force did not have a lease of, or any interest in, the premises,

although he had been negotiating for a lease, which negotiations, however, thereafter fell through.   Afterwards, Hope secured a lease of the premises and applied for a liquor tax certificate which was refused because there had already been one issued to Force.   Thereupon Hope instituted certiorari proceedings to review the action of the county treasurer in refusing him a certificate.   An order was made therein directing the county treasurer to issue a certificate to Hope, which was affirmed by the Appellate Division (156 App. Div. 450) and on appeal to this court also affirmed (209 N. Y. 182).   It is true that in the opinion delivered in this court an observation was made — not necessary to the decision — to the effect that if there were several certificates outstanding for the same premises a transfer ought not to be made unless all of the certificates were surrendered and the sale of liquor in the premises from which the transfer was made, abandoned. This observation, of course, had reference only to the particular facts involved in the case there considered. That question was simply whether Hope was entitled to a certificate, rotwithstanding the fact that the Force certificate was outstanding and unrevoked, and the court held that he was.   No question of transfer was involved. The rule as to transfers there laid down is a proper one as applied to that case, but it must be borne in mind that the facts in that case differ from those in the case now before us in one very essential particular.   There were there two valid outstanding certificates for the same premises.   Neither, so far as appears, was open to attack, and the learned judge writing the opinion must have had that in view.   In the present case there is but one valid certificate outstanding, viz., the one issued to Jagielo. The one issued to Lighthall has no validity.   It was issued in disregard of the statute expressly forbidding its issuance.   This clearly distinguishes this case from the *Hope* case.

The plaintiff had a right to abandon 38½ Oneida street

and transfer the certificate to 4 Oneida street, and it cannot be deprived of that right by an illegal and unauthorized act of a public official. To hold otherwise would be, in effect, to say that a public official, without any authority, could deprive one holding a liquor tax certificate of the right which the statute gives him to transfer by issuing a second certificate for the same premises. It does not require argument to demonstrate that the *Hope* case does not so hold.

The order appealed from, therefore, should be reversed and the order of the Special Term affirmed with costs in this court and the Appellate Division. The first and eighth questions should be answered in the affirmative, the third in the negative, and it is unnecessary to answer the second, fourth, fifth, sixth and seventh.

HISCOCK, Ch. J., CHASE, POUND, and ANDREWS, JJ., concur; HOGAN, J., dissents; CARDOZO, J., not voting.

Order reversed, etc.